[Cite as *State v. Hohvart*, 2011-Ohio-3372.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 31 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN HOHVART | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Criminal Appeal from the Court of
                                Common Pleas of Mahoning County,
                                Ohio
                                Case No. 04 CR 1381

JUDGMENT:                       Affirmed.

APPEARANCES:

For Plaintiff-Appellee:         Atty. Paul J. Gains
                                Mahoning County Prosecutor
                                Atty. Ralph M. Rivera
                                Assistant Prosecuting Attorney
                                21 West Boardman Street, 6th Floor
                                Youngstown, Ohio  44503

For Defendant-Appellant:        Atty. Timothy Young
                                Ohio Public Defender
                                Atty. Stephen P. Hardwick
                                Assistant State Public Defender
                                Office of the Ohio Public Defender
                                250 East Broad Street, Suite 1400
                                Columbus, Ohio  43215

JUDGES:
Hon. Cheryl L. Waite

Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: June 30, 2011

WAITE, P.J.

{1}    Appellant John Hohvart appeals the maximum consecutive felony sentences imposed on him by the Mahoning County Court of Common Pleas. He claims that the trial court was required to make certain findings set forth in R.C. 2929.14 before it could properly impose maximum consecutive sentences. Appellant acknowledges that the Supreme Court of Ohio found certain sentencing provisions unconstitutional and severed them from the Ohio Revised Code in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Appellant contends that the portion of the *Foster* opinion dealing with consecutive sentences has been overruled by the decision of the United States Supreme Court in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, and that R.C. 2929.14(E) has been revived as a result. However, the Supreme Court of Ohio expressly rejected this argument in its recent decision, *State v. Hodge*, 128 Ohio St. 3d 1, 2010-Ohio-6320, 941 N.E.2d 768. Appellant also contends that *Foster* violates the Ex Post Facto clause of the United States and Ohio constitutions. The argument raised by Appellant was considered and rejected in *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582. Thus, Appellant's arguments have no merit and the judgment of the trial court is affirmed.

Case Background

{2}     On October 3, 2004, Appellant was in a relationship with Jennifer Whaley while he was separated from his wife.  On that day, Whaley and Appellant drove to a fast food restaurant to purchase food.  There was a problem with the food order and the two of them started arguing.  According to Whaley, Hohvart locked her in the car, began hitting her head against the inside of the vehicle, and hit her nose with his elbow.

{3}     Eventually, Appellant's car ran out of fuel and Whaley escaped from the vehicle.  A passing motorist saw her and drove her to a nearby gas station.  There, she contacted authorities and was taken for medical treatment.  Whaley's nose was broken and required reconstructive surgery, two of her teeth were knocked loose, and a cheekbone was fractured.  Police seized Hohvart's car and, after obtaining a warrant, tested blood in the car which was found to be consistent with Whaley's DNA.

{4}     Hohvart was indicted on November 18, 2004, on felonious assault, a second degree felony under R.C. 2903.11, and abduction, a third degree felony under R.C. 2905.02.  The case went to jury trial.  Hohvart was convicted on both counts and the trial court sentenced him to maximum sentences of eight and five years, respectively, and ordered that these sentences be served consecutively, totaling thirteen years of imprisonment.  Appellant filed an appeal, and the sentence was overturned in light of *State v. Foster*, supra.  While the direct appeal was pending, Appellant filed a motion for postconviction relief, which was denied by the trial court.  That ruling was affirmed on appeal.  The case was then set for resentencing, and on January 22, 2010, the trial court again sentenced Appellant to

maximum consecutive sentences for a total of thirteen years in prison. The trial court noted that it considered the purposes and principles of felony sentencing contained in R.C. 2929.11, and that it balanced the seriousness and recidivism factors found in R.C. 2929.12. The court did not make any specific findings relating to the imposition of maximum consecutive sentences. Appellant filed this further appeal on February 11, 2010.

<u>ASSIGNMENT OF ERROR NO. 1</u>

**{5}** "The trial court erred by imposing consecutive sentences without making findings as required by R.C. 2929.14(E). T.p. 24-5, Sentencing Entry, Jan. 22, 2010."

**{6}** The argument being made by Appellant was addressed in the recent Ohio Supreme Court case, *State v. Hodge*, which reaffirmed and clarified holdings in *State v. Foster*. Appellant contends that, prior to the Ohio Supreme Court's decision in *State v. Foster*, a trial court could not impose consecutive sentences without first making a number of factual findings, such as whether the sentence was necessary to protect the public from future crime, to punish the offender, or that consecutive sentences were not disproportionate to the seriousness of the offender's conduct. Appellant is correct. *Foster* invalidated those prior statutory provisions and held that the judicial fact-finding requirements violated the constitutional Sixth Amendment right to trial by jury because a jury, rather than a trial judge, was required to make all findings essential to punishment. *Foster* declared a number of statutory provisions requiring judicial fact-finding to be unconstitutional and severed them from the felony

sentencing code. One of the severed statutes was R.C. 2929.14(E)(4) dealing with consecutive sentences. The *Foster* opinion announced that sentencing courts would now have full discretion to fashion sentences and run them consecutively and would not be required to make judicial findings of fact. *Foster* itself was based on a number of United States Supreme Court opinions that came to the same conclusion with respect to a variety of federal and state sentencing requirements. *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; *Ring v. Arizona* (2002), 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556; *United States v. Booker* (2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621.

{7} After *Foster*, the Ohio Supreme Court clarified that trial courts, while no longer having the statutory authority to impose consecutive sentences, still retained the common law authority to make the determination as to whether sentences should be carried out concurrently or consecutively. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, ¶18. "*Foster* [does] not prevent the trial court from imposing consecutive sentences; it merely took away a judge's duty to make findings before doing so." *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, ¶35.

{8} Appellant asserts, though, that the holding in *Foster* with respect to consecutive sentences is no longer valid law due to a subsequent ruling of the United States Supreme Court in *Oregon v. Ice.* In *Ice*, the United States Supreme Court examined whether the Sixth Amendment right to trial by jury was infringed by mandatory judicial fact-finding specifically relating to consecutive sentences. *Ice*

upheld the constitutional validity of an Oregon statute similar to Ohio's pre-*Foster* sentencing statutes that required Oregon's trial judges to make factual findings prior to imposing consecutive sentences. Appellant contends that the *Foster* opinion was based on United States Supreme Court precedent regarding the Sixth Amendment right to trial by jury, and that the *Ice* opinion invalidates part of the holding in *Foster*. Appellant argues that there was no need to sever the Ohio statutes requiring judicial fact-finding with respect to consecutive sentences. Since those statutes are no longer unconstitutional, Appellant contends that they have been revived because of the *Ice* decision and, thus, are still binding on trial courts. The trial court in this case did not make any specific findings prior to imposing consecutive sentences. According to Appellant's logic, his sentence is invalid and should be vacated.

{9}     Subsequent to the filing of this appeal, the Ohio Supreme Court ruled on the specific issue being raised here. *State v. Hodge* held as follows: "The United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470." *Hodge* at paragraph two of the syllabus. The Ohio Supreme Court further held that "[t]rial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." Id., paragraph three of the syllabus. Therefore, despite the decision in *Ice*, defendants who were given consecutive sentences

unaccompanied by specific judicial fact-finding are not entitled to resentencing. Id. at ¶5.

{10} *Hodge* did acknowledge that the *Ice* holding undermined the reasoning in *Foster*. "After *Ice*, it is now settled law that *Apprendi* and *Blakely* do not control the resolution of this issue and that the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." Id. at ¶19. "Had we the benefit of the United States Supreme Court's decision in *Ice* regarding Oregon's consecutive-sentencing statutes prior to our decision in *Foster*, we likely would have ruled differently * * *." Id. at ¶20. Nevertheless, *Ice* did not require judicial fact-finding in order for consecutive sentences to be imposed. The *Ice* decision merely allows state court judges to engage in judicial fact-finding without violating the constitution with respect to consecutive sentences. We must also note that *Foster* completely excised the judicial fact-finding statutes from the Ohio Revised Code. Even if those statutes were never formally repealed by the legislature, they remain excised until positive action is taken by the General Assembly indicating its intent and desire to reestablish the statute. Id. at ¶27. Pursuant to *Hodge*, there is no automatic revival of statutes that have been declared unconstitutional. Id. at ¶30.

{11} Appellant contends that amendments to Ohio's felony sentencing statutes that occurred after the *Ice* opinion was released contain the formerly excised fact-finding provisions, and that these reenactments should be interpreted as legislative intent to fully revive R.C. 2929.14(E)(4). *Hodge* did not deal with this issue

directly since the sentencing statute at issue in *Hodge* was enacted prior to *Ice*. The *Hodge* opinion, though, does explain that the legislature must clearly and unequivocally reestablish those provisions that were formerly declared unconstitutional. The mere act of reprinting statutory sections, as part of amendments to other aspects of the felony sentencing law, does not constitute clear direction from the legislature: "We are unable to say that the General Assembly would intend the consecutive-sentencing provisions to be resurrected when the other judicial fact-finding provisions, which supported the overall sentencing framework, remain constitutionally invalid and excised. It would be speculative to assume that the General Assembly would wish to reinstate only the consecutive-sentencing provisions when the other provisions struck down in *Foster* may not be reinstated also." Id. at ¶27. The *Hodge* Court also reasoned that: "the General Assembly has never had a particular incentive to repeal statutes that we have held unconstitutional, which further supports our reluctance to assume that the General Assembly would intend the consecutive-sentencing statutes to be reinstated, in the absence of any affirmative indications to that effect from that body." Id. at ¶28. Thus, the legislature's ministerial act of copying previously enacted legislation as part of amendments to valid statutes does not reflect a clear intent to revive a previously invalidated statute. Appellant's argument is unpersuasive and his first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. 2

**{12}** "The trial court erred by imposing non-minimum and maximum sentences based on elements not found by the jury beyond a reasonable doubt, in violation of his rights under the Due Process and Ex Post Facto Clauses of the United States Constitution. U.S. Const. art. I, § 10, cl 1; U.S. Const. amend. V and XIV; Miller v. Florida (1987), 482 U.S. 423; Bouie v. City of Columbia (1964), 378 U.S. 347, 354."

**{13}** Appellant also argues that it is improper to retroactively apply the holding of *State v. Foster* to pending criminal cases because this would violate the Due Process and Ex Post Facto Clauses of the United States Constitution. As stated above, *Foster* corrected a problem with Ohio's felony sentencing statutes regarding the right to trial by jury. *Foster* rendered certain aspects of the felony sentencing statutes unconstitutional because they required the trial judge, rather than a jury, to determine certain facts essential to imposing sentences that were more severe than the minimum sentences prescribed for any given felony. *Foster* declared as unconstitutional R.C. 2929.14(C), which allowed judges to impose the longest prison term for an offense only after making a variety of required findings. As a result of *Foster*, sentencing judges are now allowed broad discretion in imposing any sentence within the statutory range of sentences permitted for any given crime, which includes the discretion to impose a maximum prison term. *Foster* was ordered to be applied to all pending criminal cases, including cases pending on direct appeal. Appellant contends that the remedy created in *Foster* cannot be applied retroactively to pending cases such as this, because it would, in essence, create a judicial

enlargement of a criminal statute similar to an ex post facto law enacted by the legislature.

{14} Section 10, Article I of the United States Constitution provides that "[n]o State shall * * * pass any * * * ex post facto Law." The Ohio Constitution contains a similar provision, at Section 28, Article II. Although the prohibition against ex post facto laws only limits the legislative branch of government, a similar due process limitation applies to judicial enlargement of legislative acts. *State v. Garner* (1995), 74 Ohio St.3d 49, 57, 656 N.E.2d 623; *Bouie v. Columbia* (1964), 378 U.S. 347, 353-354, 84 S.Ct. 1697, 12 L.Ed.2d 894.

{15} The Ohio Supreme Court, in *State v. Elmore*, 122 Ohio St.3d 472, 2009-Ohio-3478, 912 N.E.2d 582, considered and resolved this issue; whether *Foster* violated the Ex Post Facto clause or constituted a denial of due process. In *Elmore*, the Ohio Supreme Court held that resentencing pursuant to *Foster* for crimes that were committed before *Foster* was decided does not violate the Ex Post Facto and Due Process clauses because a defendant resentenced under *Foster* is not subject to any greater potential punishment than existed previously. Id. at ¶18. A criminal defendant may not be able to raise certain procedural arguments because of the holdings in *Foster*, but a procedural change is not an ex post facto violation. Id. Appellant was subject to potential five-year and eight-year maximum prison terms for his crimes both before and after *Foster*. He had notice of the sentencing range when he committed the crimes and when he was sentenced. He was never subject to an irrebuttable presumption of minimum or concurrent sentence either before or after

*Foster.* Id. at 24. *Elmore* is accordingly dispositive of the challenges raised in Appellant's second assignment of error. Appellant's second assignment of error is overruled.

## CONCLUSION

**{16}** Given the clear and comprehensive holdings of the *Hodge* case, it is evident that R.C. 2929.14(E)(4) has not been revived and there was no requirement for the trial court to make specific findings prior to imposing consecutive sentences. Further, the retroactive application of *State v. Foster* to cases pending on direct appeal does not violate the Ex Post Facto clauses of the United States or Ohio constitutions, and this was confirmed by the Ohio Supreme Court in *State v. Elmore.* Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.