[Cite as *In re C.W.*, 2013-Ohio-2483.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | |
|---|---|
| IN THE MATTER OF: | : |
| | : |
| C.W. | : |
| | :      Case No. 11CA918 |
| ADJUDICATED DELINQUENT CHILD. | : |
| | : |
| | : DECISION AND JUDGMENT ENTRY |
| | : |
| | :      **RELEASED 6/12/13** |

_____

APPEARANCES:

Timothy Young, Ohio State Public Defender, and Amanda J. Powell, Ohio State Assistant Public Defender, Columbus, Ohio, for Appellant.

David Kelley, Adams County Prosecutor, and Michele L. Harris, Adams County Assistant Prosecutor, West Union, Ohio, for Appellee.

_____

Harsha, J.

{¶1} Following our remand, C.W. appeals the juvenile court's judgment classifying him as a Tier I juvenile sex offender under Senate Bill 10. C.W. argues that the court could not apply Senate Bill 10 to determine his classification when that law was not in effect at the time he committed his offense. Because courts may not apply Senate Bill 10 to individuals who committed sexually-oriented offenses before the bill's effective date, the juvenile court's classification of C.W. as a Tier I juvenile sex offender is unconstitutional and, thus, void. And because C.W. has reached his 21st birthday, the juvenile court no longer possesses jurisdiction to re-classify him using the law in effect at the time C.W. committed the offenses. Accordingly, we sustain C.W.'s assignment of error and reverse the trial court's judgment.

## I.  FACTS

{¶2}   In June of 2005, the juvenile court adjudicated 14 year old C.W. a delinquent child for committing two counts of rape, first-degree felonies if committed by an adult.  Then in 2008, the court classified C.W. as a Tier III juvenile sex offender under Senate Bill 10's registration, classification, and community-notification provisions, which became effective on January 1, 2008. The court subsequently vacated that classification due to a procedural irregularity.  In March of 2010, the court held a second classification hearing and again classified C.W. as a Tier III juvenile sex offender under Senate Bill 10. C.W. appealed that classification, and we reversed and remanded the court's judgment because the court had not appointed a guardian ad litem for him.  *In re C.W.*, 4th Dist. No. 10CA892, 2010-Ohio-5633.

{¶3}   On remand, the juvenile court classified C.W. as a tier I juvenile sex offender registrant under Senate Bill 10.  C.W. appealed the court's judgment, and we stayed the matter pending two decisions from the Ohio Supreme Court: *In re J.V.*, 134 Ohio St.3d 1, 2012-Ohio-4961, 979 N.E.2d 1203, and *State v. Williams,* 129 Ohio St.3d 344, 2011–Ohio–3374, 952 N.E.2d 1108.

{¶4}   On February 16, 2012, C.W. attained 21 years of age.

## II.  ASSIGNMENT OF ERROR

{¶5}   C.W. raises one assignment of error:

"The retroactive application of Senate Bill 10 to C.W. violates the retroactivity clause of Section 28, Article II of the Ohio Constitution."

## III.  ANALYSIS

**{¶6}**   In his sole assignment of error, C.W. asserts that the juvenile court's retroactive application of Senate Bill 10 violates his state constitutional rights.  He asserts the court cannot apply Senate Bill 10 to his classification hearing when that law was not in effect at the time he committed the offenses.  C.W. further asserts the juvenile court no longer has jurisdiction to re-classify him upon remand because he has attained 21 years of age prior to being properly classified.  The state agrees the court should not have applied Senate Bill 10 but disagrees with C.W.'s assertion that the juvenile court no longer has jurisdiction to re-classify him.  The state contends because the court held the initial and subsequent classification hearings before C.W. turned 21, it may hold a hearing on remand to correct the error in its prior classification.

A.  PROHIBITION AGAINST APPLYING SENATE BILL 10 RETROACTIVELY

**{¶7}**   The Ohio Supreme Court held that Senate Bill 10's classification, registration, and community notification provisions cannot be applied to sex offenders who committed sex offenses before the effective date of those provisions, *i.e.* January 1, 2008.  *In re Bruce S.*, 134 Ohio St.3d 477, 2012-Ohio-5696, 983 N.E.2d 350, ¶6; *State v. Williams,* 129 Ohio St.3d 344, 2011–Ohio–3374, 952 N.E.2d 1108, syllabus.  *Accord State v. Carr*, 4th Dist. No. 11CA3256, 2012-Ohio-5425.  In *Williams*, the court stated:  "2007 Am.Sub.S.B. No. 10, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws."  The *Williams* holding applies to juvenile sex offenders.  *In re Bruce S.*; *In re D.J.S.*, 130 Ohio St.3d 257, 2011-

Ohio-5342, 957 N.E.2d 291 (reversing appellate court's conclusion that Senate

Bill 10 did not violate prohibition against retroactive laws in juvenile sex offender

classification proceeding).

{¶8}    Here, the state agrees that because C.W.'s offense occurred before

January 1, 2008 the court may not apply Senate Bill 10 to C.W.  If a juvenile

court imposes a sanction that is unauthorized by law, then that sanction is void.

See State v. Billiter, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶10

(stating that in adult criminal system "if a trial court imposes a sentence that is

unauthorized by law, the sentence is void"); Carr at ¶11 (determining that trial

court's sex offender classification was void when court retroactively applied

Senate Bill 10); State v. Lawson, 1st Dist. Nos. C-120077 and C-120067, 2012-

Ohio-5281, ¶18 (voiding sex offender classification when trial court retroactively

applied Senate Bill 10).  Cf. J.V. at ¶24 (stating that when juvenile court acts

outside its jurisdiction, its judgment is void).  ""'The effect of determining that a

judgment is void is well established.  It is as though such proceedings had never

occurred; the judgment is a mere nullity and the parties are in the same position

as if there had been no judgment.'"" Billiter at ¶10.  Consequently, because the

juvenile court classified C.W. as a sex offender using a retroactive application of

law, its sex offender classification is unconstitutional and, therefore, void.

## B.  REMEDY

{¶9}    Next, we must consider the implication of declaring the juvenile

court's classification order void.  In Williams, the court remanded the matter to

the trial court for re-sentencing in accordance with the law in effect when

Williams committed his offense. *Accord In re J.P.*, 7th Dist. No. 10JE23, 2012-Ohio-3343, ¶9 (remanding matter to juvenile court in accordance with *Williams*).

{¶10}  However, in this case C.W. contends that because he has reached 21 years of age, the juvenile court no longer has jurisdiction to re-classify him under the law in effect at the time he committed his offenses. C.W. thus asserts that we cannot remand this matter to the juvenile court and order it to re-classify him using the law in effect at the time he committed the delinquent acts. The state counters that because the trial court's previous classification orders occurred before C.W. turned 21, the trial court may issue an order on remand that corrects the mistake in its previous classification. The state cites our 2011 opinion, *In re A.R.R.*, 194 Ohio App.3d 40, 2011-Ohio-1186, 954 N.E.2d 1213, to support its argument.

{¶11}  In *A.R.R.*, the trial court originally classified the juvenile offender before the juvenile's 21st birthday. A.R.R. appealed and while the case was on appeal, A.R.R. turned 21 years of age. We subsequently reversed and remanded the trial court's classification. On remand, the court re-classified A.R.R., who again appealed. A.R.R. asserted that the juvenile court had no jurisdiction to proceed with the re-classification because he had reached the age of 21. Because the original classification occurred before A.R.R.'s 21st birthday, we disagreed and concluded that "the juvenile court possessed jurisdiction on remand to reenter the Tier III classification after appellant's 21st  birthday." *Id.* at ¶9.

{¶12} A.R.R. appealed our decision to the Supreme Court of Ohio, which accepted the appeal and then remanded the case for consideration of *Williams.* 130 Ohio St.3d 261, 2011-Ohio-5346, 957 N.E.2d 294. On December 21, 2011, the Supreme Court stayed its mandate pending the decision in *J.V..* 130 Ohio St.3d 1500, 2011-Ohio-6556, 958 N.E.2d 960.

{¶13} On October 30, 2012, the Ohio Supreme Court decided *J.V.*, a case in which the juvenile court invoked the adult portion of J.V.'s dispositional order. *See In re J.V.*, 8th Dist. No. 92869, 2010-Ohio-71. However, the court's entry failed to mention postrelease control. J.V. then appealed the juvenile court's judgment. During the pendency of the appeal, J.V. turned 21. In January of 2010, the court of appeals reversed the juvenile court's dispositional order because it failed to include the statutorily mandated postrelease control notice. The court of appeals rejected J.V.'s argument that the juvenile court no longer had jurisdiction to correct his sentence because he had turned 21 years of age. In February of 2010, the juvenile court held a new sentencing hearing and corrected its original judgment to include the postrelease control language. J.V. again appealed, and the appellate court affirmed the juvenile court's judgment.

{¶14} On appeal to the Supreme Court of Ohio, J.V. argued that R.C. 2152.02(C)(6) prohibited the juvenile court from conducting the re-sentencing hearing on remand. He contended that the statute deprives a juvenile court of jurisdiction over an adjudicated delinquent once the individual attains the age of 21. R.C. 2152.02(C)(6) states: "The juvenile court has jurisdiction over a person

who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age."[1]

{¶15} The Supreme Court agreed with J.V.'s argument and explained that under R.C. 2152.02(C)(6): "[The statutory] language is straightforward. It states that juvenile courts have jurisdiction over adjudicated delinquents until they are 21 years old. The obvious flip side of that statement is that juvenile courts do not have jurisdiction over adjudicated delinquents once they are 21 years old." *Id.* at ¶23. The court thus determined that the juvenile court had no authority to conduct a re-sentencing hearing to correct its original disposition when J.V. already attained 21 years of age. The court concluded that because the juvenile court acted without jurisdiction, its February 2010 disposition was void. Therefore, it reversed the court's judgment. Notably, the court did not remand the matter.

{¶16} On December 5, 2012, the Ohio Supreme Court lifted the stay imposed in *A.R.R.* and remanded the case for application of *Williams* and *J.V.* --- Ohio St.3d ---, --- N.E.2d ---, 2012-Ohio-5625.

---

[1] The statute was recently amended. 2012 Am.Sub. Bill 337, effective Sept. 28, 2012. However, the sentence quoted above remains unchanged. The newly-amended provision reads:

> The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age, and, for purposes of that jurisdiction related to that adjudication, except as otherwise provided in this division, a person who is so adjudicated a delinquent child or juvenile traffic offender shall be deemed a "child" until the person attains twenty-one years of age. If a person is so adjudicated a delinquent child or juvenile traffic offender and the court makes a disposition of the person under this chapter, at any time after the person attains twenty-one years of age, the places at which the person may be held under that disposition are not limited to places authorized under this chapter solely for confinement of children, and the person may be confined under that disposition, in accordance with division (F)(2) of section 2152.26 of the Revised Code, in places other than those authorized under this chapter solely for confinement of children.

**{¶17}** We do not believe that our prior holding in *A.R.R.*, which arose under the jurisdiction provided by R.C. 2152.02(C)(6), withstands the subsequent decision issued in *J.V.* In *A.R.R.*, we remanded the matter to the juvenile court to correct its classification even though the adjudicated delinquent had attained the age of 21. *J.V.* plainly states, and leaves no apparent room for interpretation, that under R.C. 2152.02(C)(6) once an adjudicated delinquent attains the age of twenty-one, the juvenile court loses jurisdiction over the adjudicated delinquent. *J.V.* clearly involved the case of a remand to the juvenile court to correct an error in an original disposition. The rationale for the Supreme Court's holding is based upon the plain language of the statute, not upon some factual situation unique to J.V. Thus, *J.V.* prohibits a juvenile court from exercising jurisdiction under R.C. 2152.02 (C)(6) on remand if the child has attained the age of 21 where the original adjudication occurred prior 18. Because our decision in *A.R.R.* applied the practice *J.V.* prohibits, we hereby overrule *A.R.R.*

**{¶18}** Here, C.W. turned 21 years of age while this appeal was pending. C.W.'s original disposition was entered before he turned 21 years of age and the juvenile court's dispositional order following our remand was entered before C.W. turned 21 years of age. However, his adjudication occurred prior to his 18th birthday. Now that C.W. has reached 21 years of age, the juvenile court no longer has jurisdiction under R.C. 2152.02 (C)(6) to re-classify him using the law in effect at the time of C.W.'s offense. *J.V.* at ¶ 23.

**{¶19}** Thus, if we remanded this matter to the juvenile court to conduct a re-classification hearing as the state requests, we would be disregarding the rule

set forth in *J.V.*—that a juvenile court loses jurisdiction under R.C. 2152.02 (C)(6) once the adjudicated delinquent attains the age of 21. We cannot grant jurisdiction to a court when none exists. *J.V.* at ¶31 (McGee Brown, J., concurring). Consequently, because C.W. was adjudicated prior attaining 18 years of age and has turned 21 years of age, the juvenile court no longer has jurisdiction over him to re-classify him under the law in effect at the time he committed the delinquent acts. [2]

## IV. CONCLUSION

**{¶20}** The juvenile court's order classifying C.W. under Senate Bill 10 violates the Ohio constitution's prohibition against retroactive laws. Therefore, the juvenile court's classification order is void. Accordingly, we sustain C.W.'s assignment of error and reverse the juvenile court's judgment classifying C.W. as a Tier I sexual offender.

JUDGMENT REVERSED.

---

[2] See R.C. 2152.02 (C)(2) for situations where a person can be deemed a child, and thus subject to juvenile sanctions like classification after attaining 21. However, also see *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5097, 983 N.E.2d 302, which limits such an application.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Abele, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**