[Cite as *In re R.D.*, 2017-Ohio-589.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J. |
| R.D. | Hon. Craig R. Baldwin, J. |
| A MINOR CHILD | Case No. 16 CA 0071 |
| | O P I N I O N |

CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Juvenile Division, Case No. A2005-
                             0820

JUDGMENT:                    Vacated

DATE OF JUDGMENT ENTRY:      February 13, 2017

APPEARANCES:

For Appellee State of Ohio                For Appellant

KENNETH W. OSWALT                         VICTORIA BADER
PROSECUTING ATTORNEY                      ASSISTANT PUBLIC DEFENDER
KARRIE PRATT KUNKEL                       250 East Broad Street
ASSISTANT PROSECUTOR                      Suite 1400
20 South Second Street, Fourth Floor      Columbus, Ohio  43215
Newark, Ohio  43055

*Wise, P. J.*

**{¶1}** Appellant R.D. appeals the August 8, 2016, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, denying his Motion to Vacate Classification and designating him a sexually-oriented offender pursuant to Megan's Law.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶3}** On October 13, 2005, the Licking County Prosecutor's Office filed a complaint alleging that R.D., then fourteen years old, was a delinquent child for one count of rape, in violation of R.C. §2907.02(A)(1)(b), a felony of the first degree if committed by an adult.

**{¶4}** On January 26, 2006, R.D. entered an admission to the rape charge and was adjudicated delinquent.

**{¶5}** On March 9, 2006, the trial court held a disposition hearing and R.D. was committed to the Department of Youth Services (DYS) for a minimum period of three (3) years, or until the age 21.

**{¶6}** Upon his release date in June, 2009, the trial court conducted a juvenile sex offender classification hearing. At the conclusion of said hearing, the trial court ordered that R.D. be classified as a "Tier III" juvenile sex offender subject to community notification, requiring him to register as a juvenile sex offender every 90 days for the rest of his life. (T. at 37, 40). The trial court further found that community notification was "automatic" but that "the court would conduct a hearing in five years and modify the community notification provision, which is separate and apart, of course from the actual registration, which is for life." (T. at 34-35).

**{¶7}** Defense counsel objected to the constitutionality of S.B. 10, to R.D.'s classification as a Tier III offender and to community notification. The trial court overruled these objections.

**{¶8}** Appellant appealed to this Court from the decision of the trial court classifying him a tier III sex offender and subjecting him to statutory registration requirements. *In re R.D.*, 5th Dist. Licking No. 09CA97, 2010-Ohio-2986. On appeal, this Court vacated Appellant's classification with instructions to the trial court to conduct a new classification hearing and consider the factors set forth in R.C. §2152.83(D)(1)-(6), explaining that it appeared the trial court believed that it had no discretion as to the tier classification and that such classification was offense-based.

**{¶9}** On remand, the trial court held a hearing on the issue of classification and whether Appellant was subject to community notification provisions. The trial court acknowledged that the registration requirements under the facts of the case were discretionary, not mandatory. The trial court then re-imposed the Tier III classification but specified that Appellant was not subject to community notification in a Judgment Entry filed January 6, 2011. That hearing occurred on September 22, 2010, when Appellant was 20 years-old.

**{¶10}** On July 25, 2016, Appellant filed a Motion to Vacate Classification. In his motion, Appellant argued that the Licking County Juvenile Court must vacate his classification as a Tier III juvenile sex offender registrant because such classification was void. In support of his motion, Appellant cited to the Ohio Supreme Court's decision in *State v. Williams*, 129 Ohio St.3d 344, 2011-0hio-3374, 952 N.E.2d 1108.

{¶11} On August 4, 2016, Appellee filed State's Response to the Delinquent's Motion to Vacate Classification. In its response, Appellee argued that Appellant's motion should be denied because he should have been classified as a sexually oriented offender pursuant to Megan's Law, the law in effect at the time the offense was committed, and that such classification attached as a matter of law.

{¶12} On August 6, 2016, the Licking County Juvenile Court denied Appellant's Motion to Vacate Classification stating, "[t]he Court finds that this youth was classified as a sexually oriented offender pursuant to Megan's Law which was the law that was in effect at the time that the offense was committed, and the Court agrees with the prosecution's Memorandum of Law and adopts the same as its own." (8/8/2016 Judgment Entry).

{¶13} Appellant now appeals, raising the following assignment of error:

ASSIGNMENT OF ERROR

{¶14} "I. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT DENIED R.D.'S MOTION TO VACATE HIS VOID JUVENILE SEX OFFENDER REGISTRATION, BECAUSE THE COURT FAILED TO APPLY THE WILLIAMS REMEDY TO HIM BEFORE HIS 21ST BIRTHDAY. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16."

I.

{¶15} Appellant argues that the trial court erred in denying his motion to vacate his juvenile sex offender registration.  We agree.

{¶16} In 1963, the General Assembly created a designation of "habitual sexual offender" for individuals convicted two or more times of specified crimes and imposed registration and change of address notification duties on those individuals. Am.S.B. No.

160, 130 Ohio Laws 669–71. In 1996, the General Assembly enacted Ohio's version of the federal "Megan's Law" legislation, which created a comprehensive registration and classification system for sex offenders. *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 6–7. Under Megan's Law, a sentencing court was required to determine whether a sex offender fell into one of three classifications: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. *State v. Cook,* 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998). Megan's Law also included registration and address verification provisions, as well as community notification provisions. *Id.* at 408–09, 700 N.E.2d 570. In 2007, the General Assembly further amended the law, enacting Senate Bill No. 10 ("S.B. No. 10"), the Ohio version of the federal "Adam Walsh Act." *Bodyke* at ¶ 20. S.B. No. 10, which went into effect on January 1, 2008, imposed a three-tiered sex offender classification system, based solely on the offense committed. *Id.* at ¶ 21. It also modified the registration, address verification, and community notification provisions related to each type of sex offender. *Id.* at ¶ 23–28.

{¶17} The Supreme Court of Ohio subsequently found several portions of the sex offender classification system under S.B. No. 10 to be unconstitutional, either on their face or as applied to certain defendants. In *Bodyke,* the court held unconstitutional provisions requiring the attorney general to reclassify sex offenders under S.B. No. 10 whose classifications had already been adjudicated by a court and made the subject of a final order under Megan's Law. *Id.* at ¶ 60.

{¶18} In July 2011, the Supreme Court released its decision in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3372, which held that applying the sex offender classification system under S.B. No. 10 to individuals who committed their crimes prior to

enactment of that law violated the constitutional prohibition against retroactive laws. *Williams* at ¶ 20. It is within this context of the development and evolution of sex offender classification laws that we consider the particular details of appellee's classification.

**{¶19}** The *Williams* decision held that "S.B. 10, as applied to Williams *and any other sex offender* who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." (Emphasis added.) *Id.* at ¶ 21. "In applying *Williams,* Ohio appellate courts have held that a retroactive classification of a sex offender under S.B. 10 for an offense committed before the effective date of that act is 'void.' " *State v. Salser,* 10th Dist. No. 12AP–792, 2014-Ohio-87, 2014 WL 117386, ¶ 8, citing *State v. Lawson,* 1st Dist. No. C–120077, 2012-Ohio-5281, 2012 WL 5830593, ¶ 18. *See also In re C.W.,* 4th Dist., 2013-Ohio-2483, 991 N.E.2d 1167, ¶ 8 ("[B]ecause the juvenile court classified C.W. as a sex offender using a retroactive application of law, its sex offender classification is unconstitutional and, therefore, void."); *State v. Alsip,* 8th Dist. No. 98921, 2013-Ohio-1452, 2013 WL 1501503, ¶ 8 ("Where a defendant whose offenses were committed prior to the effective date of the Adam Walsh Act is improperly classified under the Act in violation of *Williams,* such classification is void."); *State v. Carr,* 4th Dist., 2012-Ohio-5425, 982 N.E.2d 146, ¶ 11 ("Because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification under S.B. 10 violates Ohio's Retroactivity Clause and is void."); *State v. Dillon,* 5th Dist. No. CT11–0062, 2012-Ohio-773, 2012 WL 626258, ¶ 19 ("Based upon the Ohio Supreme Court holding in *Williams* and the analysis set forth in [*State v. Eads,* 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2d Dist.)], we find the trial court erred in classifying Appellant a Tier III sex

offender under the provisions of S.B. 10 and the Adam Walsh Act where the offenses for which Appellant was convicted occurred prior to the enactment of the legislation."); *State v. Eads,* 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18, ¶ 18 (2d Dist.) ("[T]he retroactive application of S.B. 10 to [persons who committed sex offenses prior to the effective date of the statute] is a nullity, and Eads's classification as a Tier III sex offender is void.").

**{¶20}** In the case sub judice, the State agrees that the trial court was correct in holding that the original Tier III classification was void because the offenses in this case were committed prior to the enactment of the Adam Walsh Act. As the statute was void from its inception, Appellant was never classified as a "tier offender".

**{¶21}** The State, however, argues that the trial court had authority to reclassify Appellant as a "sexually oriented offender pursuant to Megan's Law, and that such classification does not require a hearing because it attaches as a matter of law.

**{¶22}** Appellant argues that the juvenile court lost jurisdiction over him when he turned 21 on August 25, 2011, and therefore did not have jurisdiction to reclassify him in August, 2016.

**{¶23}** Appellant relies on R.C. §2152.02(C)(6), which states, "The juvenile court has jurisdiction over a person who is adjudicated a delinquent child or juvenile traffic offender prior to attaining eighteen years of age until the person attains twenty-one years of age."

**{¶24}** Upon review, we find that the language of the statute is straightforward. It states that juvenile courts have jurisdiction over adjudicated delinquents until they are 21 years old. The obvious flip side of that statement is that juvenile courts do not have

jurisdiction over adjudicated delinquents once they are 21 years old. There is no need to interpret the statute; we need only apply the facts of this case to the law. *Bernardini v. Conneaut Area City School Dist. Bd. of Edn.,* 58 Ohio St.2d 1, 4, 387 N.E.2d 1222 (1979).

**{¶25}** R.D. turned 21 on August 25, 2011. Accordingly, the juvenile court had no jurisdiction over him after that date. Nevertheless, in August, 2016, the juvenile court held a sentencing hearing to impose the new classification. Based on the plain language of R.C. §2152.02(C)(6), the juvenile court did not have jurisdiction over R.D. The juvenile court acted outside its jurisdiction and, therefore, the classification issued in August, 2016, is void.

**{¶26}** Accordingly, we sustain Appellant's First Assignment of Error.

**{¶27}** Based on the foregoing, we find the decision of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is void and hereby vacate same.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/d 0206