[Cite as *In re B.H.*, 2017-Ohio-6966.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| | JUDGES: |
| | Hon. W. Scott Gwin, P. J. |
| IN RE: | Hon. John W. Wise, J. |
| | Hon. Craig R. Baldwin, J. |
| | |
| B.H. | Case No. 17 CA 0005 |
| | |
| | O P I N I O N |
| A MINOR CHILD | |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. A2007-0523

JUDGMENT:      Vacated

DATE OF JUDGMENT ENTRY:      July 24, 2017

APPEARANCES:

For Plaintiff-Appellee State

WILLIAM C. HAYES
PROSECUTING ATTORNEY
KARRIE PRATT KUNKEL
ASSISTANT PROSECUTOR
20 South Second Street, Fourth Floor
Newark, Ohio 43055

For Defendant-Appellant

VICTORIA BADER
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

*Wise, John, J.*

**{¶1}** Appellant B.H. appeals the December 28, 2016, Judgment Entry of the Licking County Court of Common Pleas, Juvenile Division, overruling his objections and approving and adopting the Magistrate's Decision denying his Motion to Vacate his Juvenile Sex Offender Classification pursuant to Megan's Law.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶3}** On July 20, 2007, the State filed a complaint with the Licking County Juvenile Court alleging that B.H. (d.o.b. 02/13/91), was delinquent for committing one count of rape, in violation of R.C. §2907.02(A)(1)(b), a felony of the first degree if committed by an adult, and one count of gross sexual imposition, in violation of R.C. §2907.05(A)(4), a felony of the third degree if committed by an adult. The Complaint alleged that the rape offense occurred between the dates of June 1, 2006, through November 1, 2006, and the GSI offense occurred between April 1, 2005, and September 1, 2005.

**{¶4}** On October 2, 2007, the State filed a Motion to Amend and an Amended Complaint for the purposes of correcting the spelling of the victims' names and to change the date range of these events from "April 1, 2006, through November 1, 2006" to "May 1, 2006, through November 1, 2006".

**{¶5}** On October 16, 2007, the State moved to amend the rape count to gross sexual imposition, and Appellant entered pleas of admit to two counts of gross sexual imposition, in violation of R.C. §2907.05(A)(4), both felonies of the third degree.

**{¶6}** On November 26, 2007, the dispositional hearing occurred and the trial court imposed a commitment to the Ohio Department of Youth Services but suspended the commitment pending Appellant's performance on community control.

**{¶7}** After a non-oral hearing held on December 4, 2007, the court filed an Order stating that the issue of sex offender registration should have been addressed at the dispositional hearing, and ordered that a new dispositional hearing be scheduled.

**{¶8}** On January 8, 2008, the court designated Appellant as a Tier II sex offender registrant pursuant to the Adam Walsh Act (Senate Bill 10).

**{¶9}** On July 13, 2011, the Ohio Supreme Court decided *State v. Williams* in which Senate Bill 10 was determined to be unconstitutional as it violated Section 28, Article II of the Ohio Constitution which prohibits the enactment of retroactive laws. *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108. Due to the holding of *Williams,* offenders were to be registered according to the law in effect at the time the offense was committed. *Id*.

**{¶10}** On January 9, 2012, Appellant was successfully released from probation.

**{¶11}** On January 26, 2012, Appellant filed a Petition to Rescind Application of the Adam Walsh Act and Request for Oral Hearing. On that date, the court held a dispositional review hearing for the purpose of addressing Appellant's status as a registered sex offender.

**{¶12}** By Judgment Entry filed February 6, 2012, the trial court explained that it did order Appellant to register on January 8, 2008, pursuant to the Adam Walsh Act; however, the court noted that pursuant to the Ohio Supreme Court's decision in *Williams,* that Order needed to be vacated due to such classification being void as it violated the

Ohio Constitution. The court ordered that Appellant's classification was proper under the prior law, Megan's Law, which was in effect at the time the offenses were committed. The court stated that Appellant was "automatically classified as a sexually oriented offender" and cited to *State v. Hayden*, 96 Ohio St.3d 211, 2002-0hio-4169, 773 N.E.2d 502.

{¶13} On June 27, 2016, the Office of the Ohio Public Defender filed a Notice of Limited Appearance and Motion to Vacate Classification on behalf of Appellant.

{¶14} On July 14, 2016, the State filed its response to that motion.

{¶15} On September 6, 2016, the trial court denied Appellant's motion stating that Appellant was never "reclassified" and that the use of such language was a "syntactical error by [the Magistrate] in choosing a word without considering its full connotation in this area of law." The court went on to explain that pursuant to *Williams*, the court applied the law in effect at the time the offense was committed, and that Appellant was therefore automatically subject to registration as a sexually oriented offender according to *Hayden*. As such, Appellant's motion was denied.

{¶16} On September 19, 2016, Appellant filed an objection to the Magistrate's Decision, asserting that the Magistrate erred in failing to vacate his void classification and erred in applying *Hayden* to his case.

{¶17} The State filed its response to the objections on October 10, 2016.

{¶18} By Judgment Entry filed December 28, 2016, the trial court overruled Appellant's objections and affirmed the September 6, 2016, Magistrate's Decision, noting in its Judgment Entry that "[n]o authority has been cited by the juvenile to support the non-application of *Hayden*, which was decided in 2002."

{¶19} Appellant now appeals, raising the following assignment of error:

<u>ASSIGNMENT OF ERROR</u>

**{¶20}** "I. THE LICKING COUNTY JUVENILE COURT ERRED WHEN IT DENIED B.H.'S MOTION TO VACATE HIS VOID JUVENILE SEX OFFENDER REGISTRATION, BECAUSE THE COURT FAILED TO APPLY THE WILLIAMS REMEDY TO HIM BEFORE HE COMPLETED HIS DISPOSITIONAL ORDERS. FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION; OHIO CONSTITUTION, ARTICLE I, SECTION 16."

**I.**

**{¶21}** In his sole Assignment of Error, Appellant argues that the trial court erred in denying his motion to vacate his juvenile sex offender registration. We agree.

**{¶22}** In 1963, the General Assembly created a designation of "habitual sexual offender" for individuals convicted two or more times of specified crimes and imposed registration and change of address notification duties on those individuals. Am. S.B. No. 160, 130 Ohio Laws 669–71. In 1996, the General Assembly enacted Ohio's version of the federal "Megan's Law" legislation, which created a comprehensive registration and classification system for sex offenders. *State v. Bodyke,* 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 6–7. Under Megan's Law, a sentencing court was required to determine whether a sex offender fell into one of three classifications: (1) sexually oriented offender, (2) habitual sex offender, or (3) sexual predator. *State v. Cook,* 83 Ohio St.3d 404, 407, 700 N.E.2d 570 (1998). Megan's Law also included registration and address verification provisions, as well as community notification provisions. *Id.* at 408–09, 700 N.E.2d 570. In 2007, the General Assembly further amended the law, enacting Senate Bill No. 10 ("S.B. No. 10"), the Ohio version of the federal "Adam Walsh Act."

*Bodyke* at ¶ 20. S.B. No. 10, which went into effect on January 1, 2008, imposed a three-tiered sex offender classification system, based solely on the offense committed. *Id.* at ¶ 21. It also modified the registration, address verification, and community notification provisions related to each type of sex offender. *Id.* at ¶ 23–28.

**{¶23}** The Supreme Court of Ohio subsequently found several portions of the sex offender classification system under S.B. No. 10 to be unconstitutional, either on their face or as applied to certain defendants. In *Bodyke,* the court held unconstitutional provisions requiring the attorney general to reclassify sex offenders under S.B. No. 10 whose classifications had already been adjudicated by a court and made the subject of a final order under Megan's Law. *Id.* at ¶ 60.

**{¶24}** In July 2011, the Supreme Court released its decision in *State v. Williams,* 129 Ohio St.3d 344, 2011-Ohio-3372, which held that applying the sex offender classification system under S.B. No. 10 to individuals who committed their crimes prior to enactment of that law violated the constitutional prohibition against retroactive laws. *Williams* at ¶ 20. It is within this context of the development and evolution of sex offender classification laws that we consider the particular details of appellee's classification.

**{¶25}** The *Williams* decision held that "S.B. 10, as applied to Williams *and any other sex offender* who committed an offense prior to the enactment of S.B. 10, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from enacting retroactive laws." (Emphasis added.) *Id.* at ¶ 21. "In applying *Williams,* Ohio appellate courts have held that a retroactive classification of a sex offender under S.B. 10 for an offense committed before the effective date of that act is 'void.' " *State v. Salser,* 10th Dist. No. 12AP–792, 2014-Ohio-87, 2014 WL 117386, ¶ 8, citing *State v. Lawson,*

1st Dist. No. C–120077, 2012-Ohio-5281, 2012 WL 5830593, ¶ 18. *See also In re C.W.,* 4th Dist., 2013-Ohio-2483, 991 N.E.2d 1167, ¶ 8 ("[B]ecause the juvenile court classified C.W. as a sex offender using a retroactive application of law, its sex offender classification is unconstitutional and, therefore, void."); *State v. Alsip,* 8th Dist. No. 98921, 2013-Ohio-1452, 2013 WL 1501503, ¶ 8 ("Where a defendant whose offenses were committed prior to the effective date of the Adam Walsh Act is improperly classified under the Act in violation of *Williams,* such classification is void."); *State v. Carr,* 4th Dist., 2012-Ohio-5425, 982 N.E.2d 146, ¶ 11 ("Because Carr committed his sex offense prior to S.B. 10's enactment, his Tier III sex offender classification under S.B. 10 violates Ohio's Retroactivity Clause and is void."); *State v. Dillon,* 5th Dist. No. CT11–0062, 2012-Ohio-773, 2012 WL 626258, ¶ 19 ("Based upon the Ohio Supreme Court holding in *Williams* and the analysis set forth in [*State v. Eads,* 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18 (2d Dist.)], we find the trial court erred in classifying Appellant a Tier III sex offender under the provisions of S.B. 10 and the Adam Walsh Act where the offenses for which Appellant was convicted occurred prior to the enactment of the legislation."); *State v. Eads,* 197 Ohio App.3d 493, 2011-Ohio-6307, 968 N.E.2d 18, ¶ 18 (2d Dist.) ("[T]he retroactive application of S.B. 10 to [persons who committed sex offenses prior to the effective date of the statute] is a nullity, and Eads's classification as a Tier III sex offender is void.").

**{¶26}** In the case *sub judice,* the State agrees that the trial court was correct in holding that that the original Tier II classification was void because the offenses in this case were committed prior to the enactment of the Adam Walsh Act. As the statute was void from its inception, Appellant was never classified as a "tier offender".

**{¶27}** The State, however, argues that the trial court had authority to reclassify Appellant as a sexually oriented offender pursuant to Megan's Law, and that such classification does not require a hearing because it attaches as a matter of law.

**{¶28}** The State relies on the case of *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, in support of its argument. In *Hayden*, the Court held that the classification of a defendant as a sexually oriented offender does not require a hearing. Once an individual is convicted of a sexually oriented offense, he is automatically classified as a sexually oriented offender and must comply with the registration requirements of R.C. 2950.04 [*Hayden* at ¶ 15]. The *Hayden* court observed that there was no evidence that an individual convicted of a sexually oriented offense could present at a hearing that would cause the trial court to determine that he was not a sexually oriented offender. *Id.*

**{¶29}** Appellant argues that *Hayden* applies only to adult offenders and not juvenile offenders. Appellant further argues that the juvenile court was without authority to classify him after he had completed all dispositional orders.

**{¶30}** Appellant relies on the cases of two Ohio Supreme Court cases: *In re Cross*, 96 Ohio St.3d 328, 2002-Ohio-4183 and *State ex rel. Jean-Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697. In *Cross*, the Supreme Court held that the termination of a juvenile's probation resulted in a loss of jurisdiction by the juvenile court to impose suspended commitments.

**{¶31}** In *Jean-Baptiste*, the Supreme Court found that a juvenile court lacks jurisdiction to classify a child as a juvenile sex offender registrant once his or her disposition has been fully satisfied or when the child attains the age of 21 years.

**{¶32}** Upon review, we find that Senate Bill 10, as in earlier versions of Ohio's sex offender registration statutes, applies to both adult sex offenders and juvenile sex offenders. *See* R.C. §2950.01(B)(1) ("sex offender" includes a person who is "adjudicated a delinquent child for committing, or has been adjudicated a delinquent child for committing any sexually oriented offense"). However, the classification scheme for juvenile sex offenders is governed by both R.C. Chapter 2152 and R.C. Chapter 2950. As with the earlier version of the law, Senate Bill 10 also requires the juvenile court to engage in a two-step process. *See In re C.A.,* 2d Dist. No. 23022, 2009–Ohio–3303, ¶ 37.

**{¶33}** R.C. §2152.83 treats juvenile sex offenders differently with respect to whether and how they are classified as juvenile offender registrants based on their age at the time of the offense. First, the court must determine whether the juvenile sex offender should be designated as a juvenile offender registrant ("JOR") and, therefore, subject to classification and the attendant registration requirements. Second, the statutory scheme for the juvenile sex offenders requires the juvenile court to conduct a hearing to determine the tier in which to classify the juvenile offender. R.C. §2152.831(A); R.C. §2152.83(A)(2). Unlike the adult sex offenders, who are classified based on the offense committed, the tiers for the juveniles are determined somewhat differently.

**{¶34}** Based on the foregoing rationale, we find that *Hayden*, *supra*, does not apply to juveniles as the juvenile court is required to conduct a hearing, engage in the two-step process as set forth above, and exercise its discretion.

**{¶35}** We would further clarify that the original judgment in this case was void, not voidable. "A void judgment is one rendered by a court lacking subject-matter jurisdiction

or the authority to act." *State v. Peeks,* 10th Dist. No. 05AP–1370, 2006-Ohio-6256, 2006 WL 3438669, ¶ 10. "A voidable judgment, on the other hand, is a judgment rendered by a court having jurisdiction/authority and, although seemingly valid, is irregular and erroneous." *Id.* "[I]f a trial court imposes a sentence that is unauthorized by law, the sentence is void." *State v. Billiter,* 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10.

**{¶36}** As such, the trial court herein was without authority to correct or clarify or amend Appellant's classification as such original classification was a mere nullity. Any classification imposed after such was a new classification.

**{¶37}** In applying the facts of this case to the law, we find that B.H. successfully completed his disposition of January 9, 2012, when he was discharged from probation. Accordingly, the juvenile court had no jurisdiction to impose a new classification after that date. Nevertheless, January 26, 2012, the juvenile court held a hearing to impose the new classification. Based on the above cases, we find that the juvenile court did not have jurisdiction over B.H., and the juvenile court acted outside its jurisdiction in imposing the new classification. We therefore find that the classification issued on January 26, 2012 is void.

{¶38}  Accordingly, we sustain Appellant's sole Assignment of Error.

{¶39}  Based on the foregoing, we find the decision of the Court of Common Pleas,

Juvenile Division, Licking County, Ohio, is void and hereby vacate same.

By: Wise, John, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0629