[Cite as *In re A.R.R.*, 194 Ohio App.3d 40, 2011-Ohio-1186.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

IN RE A.R.R.                                :    Case No.   10CA3159

                                            :    DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

COUNSEL FOR APPELLEE:         Michael M. Ater, Ross County Prosecuting Attorney,
                              and Robert C. Hess, Assistant Prosecuting Attorney,
                              for appellant.

COUNSEL FOR APPELLANT:        Timothy Young, Ohio Public Defender,
                              and Amanda J. Powell, Assistant Public Defender,
                              for appellee.

_____
CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-7-11

ABELE, Judge.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court, Juvenile Division,

judgment that classified A.R.R., appellant, a Tier III juvenile sex offender.

{¶ 2}   Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

        The Ross County Juvenile Court erred when it classified
[A.R.R.] as a Tier III juvenile sex offender registrant after he
turned twenty-one years of age.

SECOND ASSIGNMENT OF ERROR:

The Ross County Juvenile Court abused its discretion when it classified [A.R.R.] as a Tier III juvenile sexual offender registrant without considering the proper factors and applying current law.

THIRD ASSIGNMENT OF ERROR:

The trial court erred when it applied Senate Bill 10 to [A.R.R.], as the law violates his right to equal protection under the law.

FOURTH ASSIGNMENT OF ERROR:

The retroactive application of Senate Bill 10 to [A.R.R.] violates the Ex Post Facto Clause of the United States Constitution and the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.

{¶ 3}   A.R.R. was previously adjudicated a delinquent child for having committed a sexually oriented offense.   At the March 16, 2009 hearing, the magistrate recommended that he be classified a Tier III sex offender under the Adam Walsh Child Protection and Safety Act ("AWA") enacted in 2007. See Am.Sub.S.B. No. 10.   Two days later, the juvenile court agreed with the magistrate and found that "the child is *required* to be classified as a Tier III Juvenile Sex Offender Registrant pursuant to O.R.C. 2152.83(A)." (Emphasis added.)

{¶ 4}   On appeal, we reversed the judgment because it appeared that the trial court felt compelled to make that classification based on appellant's age, when, in fact, it had discretion to decide the issue.   See *In re A.R.R.*, Ross App. No. 09CA3105, 2009-Ohio-7067 ("*A.R.R. I").* On remand, the trial court again considered the matter and classified appellant a Tier III sex offender.   This appeal followed.

I

{¶ 5} Appellant's first assignment of error raises the issue of whether the trial court possessed jurisdiction to classify him a Tier III sexual offender. By way of background, appellant's date of birth is September 12, 1988. Thus, he turned 21 years of age on September 12, 2009. Appellant cites a recent decision from the Third District that held that a juvenile court loses jurisdiction to classify an offender a Tier III sex offender once the offender reaches the age of 21 years. See *In re G.M.,* 188 Ohio App.3d 318, 2010-Ohio-2295, at ¶ 18. Appellant argues that he was 21 at the time of the March 22, 2010 hearing, and, thus, the trial court lacked jurisdiction. He urges us to follow *G.M.* and vacate his Tier III classification.

{¶ 6} In the case sub judice, we first point out that the March 22, 2010 hearing was held on remand of *A.R.R. I.* Appellant's original classification hearing was held March 16, 2009, and the judgment that classified him a Tier III offender was issued on March 19, 2009. Those proceedings all occurred in advance of appellant's twenty-first birthday. In *G.M.,* the Third District noted that it did not decide the issue "as to what authority the juvenile court may or may not have after a child's 21st birthday to issue orders to enforce or otherwise modify a classification order that was entered before the child's 21st birthday." Id. at ¶ 17, fn. 1. That, however, is the precise issue before us.

{¶ 7} In the case sub judice, appellant reached the age of 21 years while *A.R.R. I* was on appeal. Our reversal and remand ensured that the trial court's classification was not made on the basis of its belief that it was required to classify appellant a Tier III offender. We noted that the juvenile court "may re-impose such classification on remand" if it believed that the evidence warranted such classification. 2009-Ohio-7067, at ¶ 8.

{¶ 8} We further note that under R.C. 2152.82(C), the classification as a

juvenile-offender registrant is not affected by a juvenile's 21st birthday. Although in the case at bar we reversed and remanded the trial court's March 18, 2009 classification order, the fact remains that the court issued the original order before appellant's 21st birthday.

{¶ 9} Accordingly, under the particular facts and circumstances present in this case, we conclude that the juvenile court possessed jurisdiction on remand to reenter the Tier III classification after appellant's 21st birthday.

{¶ 10} Accordingly, we hereby overrule appellant's first assignment of error.

II

{¶ 11} In his second assignment of error, appellant asserts that his classification as a Tier III offender constitutes an abuse of the trial court's discretion. We disagree.[1]

{¶ 12} This court has held that a juvenile court has discretion to classify a delinquent as a Tier III sex offender. *A.R.R. I*, supra, at ¶ 7; *In re A.M.*, Athens App. No. 09CA07, 2009-Ohio-7066, at ¶ 7. When a trial court has the discretion to perform an act, its decision is typically reviewed under the abuse-of-discretion standard. Generally, an abuse of discretion constitutes more than an error of law or judgment; rather, it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. See, e.g., *Landis v. Grange Mut. Ins. Co.* (1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140; *Malone v. Courtyard by Marriott L.P.* (1996), 74 Ohio St.3d 440, 448, 659 N.E.2d 1242. An appellate court may not find an abuse of discretion simply

---

[1] Although appellant phrases his assignment of error in terms of "abuse of discretion," he urges us to review the trial court's determination de novo and cites *In re J.S.*, Wayne App. No. 07CA0035, 2007-Ohio-6402, at ¶12. The *In re J.S.* court, however, made the remark while analyzing the trial court's interpretation of law. We agree that such rulings are reviewed on appeal de novo, but here we are reviewing the trial court's application of law to the facts to determine whether a Tier III classification is warranted. We concede that little case law exists to establish an appropriate standard of review, but for those reasons discussed in this opinion, we review this matter under an abuse-of-discretion standard.

by substituting its judgment for that of the trial court. See *State ex rel. Duncan v. Chippewa Twp. Trustees* (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

{¶ 13} Our review of the March 22, 2010 classification-hearing transcript reveals that the magistrate heard arguments from both the prosecutor and appellant's counsel. In reclassifying appellant as a Tier III offender, the magistrate considered all of the "factors and circumstances" surrounding the case, including the rape victim's age (four years). The magistrate also explicitly stated that "all the factors set forth in * * * [R.C.] 2152.83"[2] had been considered.

{¶ 14} We also emphasize that the trial court has been involved with this matter since 2007 and is in the best position to weigh the facts and circumstances and to assess the weight and credibility of the evidence. Although defense counsel made an impassioned plea on appellant's behalf, and his appellate counsel argues that more emphasis should have been placed on those arguments, we find nothing to persuade us that the trial court's decision to classify him a Tier III sex offender is arbitrary, unreasonable, or unconscionable.

{¶ 15} Accordingly, we hereby overrule appellant's second assignment of error.

III

{¶ 16} We jointly consider appellant's third and fourth assignments of error in which he argues that the AWA (1) violates his equal-protection rights and (2) should not apply to him retrospectively as it violates the United States Constitution's ban on ex post facto laws, as well as

---

[2] R.C. 2152.83(D) specifies that a juvenile court should consider all relevant factors including, but not limited to, the nature of the sexually oriented offense as well as the public interest and safety. Id. at (1) and (3). We parenthetically note that nothing in the statute requires the court to explicitly set forth in its judgment entry how it weighed each individual factor. See generally *In re B.W.K.*, Portage No. 2009-P-0058, 2010-Ohio-3050, at ¶22.

the Ohio Constitution's ban on retroactive laws.   We find no merit in these arguments.

{¶ 17} Ohio courts have held that the AWA does not violate a juvenile offender's equal protection rights.   See, e.g., *In re C.P.,* Athens App. No. 09CA41, 2010-Ohio-1484, at ¶ 18-28; *In re R.D.,* Licking App. No. 09CA97, 2010-Ohio-2986, at ¶ 36.   We have also rejected the argument that the AWA violates either the federal Constitution's ban on ex post facto laws or the Ohio Constitution's ban on the retroactive application of laws.   See *State v. Anderson*, Athens App. No. 09CA18, 2009-Ohio-7014, at ¶ 7; *State v. Coburn*, Ross App. No. 08CA3062, 2009-Ohio-632, at ¶ 8-13.   Nothing in appellant's brief prompts us to reconsider these decisions.  Thus, unless and until the Ohio Supreme Court holds otherwise, we continue to adhere to those decisions.   Accordingly, we hereby overrule appellant's third and fourth assignments of error.

{¶ 18} After having considered all of the errors appellant assigned and argued, we hereby affirm the trial court's judgment.

Judgment affirmed.

HARSHA, P.J., and, KLINE, J., concur.