[Cite as *In re B.L.*, 2011-Ohio-3412.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : |                          |
| IN RE:                   | : | Appellate Case No. 10-CA-34 |
|                          | : |                          |
|     B.L., | : |   Trial Court Case No. 20720387 |
|     a Minor Child | : |                          |
|                          | : | (Juvenile Appeal from    |
|                          | : |   Common Pleas Court) |
|                          | : |                          |
|                          | : |                          |

. . . . . . . . . .

O P I N I O N

Rendered on the 8th day of July, 2011.

. . . . . . . . . .

AMANDA J. POWELL, Atty. Reg. #0076418, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Appellant

GARY A. NASAL, Atty. Reg. #0040099, by ROBERT E. LONG, III, Atty. Reg. #0066796, Miami County Prosecutor's Office, Miami County Safety Building, 201 West Main Street, Troy, Ohio 45373
    Attorney for Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}   Juvenile-appellant B.L. appeals from his classification as a Tier III sex offender.   B.L. contends that the trial court utilized improper statutory provisions in determining whether to classify him.   He further contends that the trial court erred by failing

to provide him proper notice of his duties to register and that the trial court erred by ordering that he be subject to community notification. Finally, B.L. claims that the application of 2007 Am. Sub. S.B. 10 (Senate Bill 10) to his case violates both the ex post facto clause of the United States Constitution, and the retroactive laws clause of the Ohio Constitution.

{¶ 2} We conclude that the trial court did err by proceeding under the provisions of R.C. 2152.82, rather than R.C. 2152.83(B), and by concluding that classification was mandatory rather than discretionary. We need not address the issue of whether the trial court erred by subjecting B.L. to community notice provisions or by failing to provide him with proper notice of his duties to register, since these issues are rendered moot. We also conclude, based upon our prior precedent, that the application of Senate Bill 10 in this cause does not offend the ex post facto clause of the United States Constitution or the retroactive laws clause of the Ohio Constitution.

{¶ 3} The judgment of the trial court is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

I

{¶ 4} B.L. was adjudicated a delinquent child after admitting that he had committed an act that, if committed by an adult, would constitute Rape, a first degree felony. He was committed to the Department of Youth Services (DYS). B.L. appealed. We affirmed. *In re: B.L.*, Miami County App. No. 2007 CA 15, 2008-Ohio-2714.

{¶ 5} B.L. remained in the custody of DYS for a period of over three years. He was approved for release in October 2010. A juvenile sex offender hearing was conducted a month prior to his release, following which the trial court found B.L. to be a Tier III juvenile

sex offender subject to community notification. In its opinion, the trial court stated, in pertinent part, as follows:

{¶ 6} "The Court has considered all the factors in O.R.C. §2950.09(B) & (E) as well as all of the evidence and arguments presented by the parties, and now makes the following findings of fact:

{¶ 7} "(a) The delinquent child was 15 years of age at the time of the offense; and the offense was committed on or about January 1, 2007;

{¶ 8} "(b) The delinquent child's prior delinquency record * * * does not include adjudications for sexually oriented offenses;

{¶ 9} "(c) The age of the victim of the sexually oriented offense for which the order of disposition was made is 12 years of age at the time of the offense;

{¶ 10} "(d) The said sexually oriented offense did not involve multiple victims;

{¶ 11} "(e) The delinquent child did not use drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;

{¶ 12} "(f) The delinquent child did complete all dispositional orders imposed for any delinquent act; and the delinquent child did participate in available programs for sexual offenders for any prior delinquent act as a sexual offender or sexually oriented offense;

{¶ 13} "(g) The delinquent child has been diagnosed with the following mental illness or mental disability: intermittent explosive disorder;

{¶ 14} "(h) The nature of the delinquent's sexual conduct, sexual contact or interaction in a sexual context with the victim was: anal and oral sex which did not demonstrate a pattern of abuse;

**{¶ 15}** "(I) The delinquent child did not display cruelty or make one or more threats of cruelty during the commission of said offense.

**{¶ 16}** "The evidence presented indicated the following: he completed the D.Y.S. program.

**{¶ 17}** "The Court finds by clear and convincing evidence the following, having considered all relevant evidence and applicable factors: that the child has been adjudicated delinquent for the commission of a sexually oriented offense, as defined by O.R.C. § 2950.01, that was committed on or after 1-1-02 and that child was 14 years of age or older at the time of the commission of the offense. The delinquent child is required to be classified as a Juvenile Sex Offense Registrant pursuant to O.R.C. § 2152.82(A) and has a duty to register pursuant to O.R.C. § 2950.04, § 2950.041, § 2950.05 and § 2950.06 as the delinquent child was 14, 15, 16 or 17 at the time of the offense. The child is classified as a Tier III Sex Offender, not a Public Registry Qualified Juvenile Offender Registrant, and subject to community notification provisions."

**{¶ 18}** B.L. appeals from his juvenile sexual offender classification.

II

**{¶ 19}** B.L.'s First Assignment of Error states as follows:

**{¶ 20}** "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT CLASSIFIED B.L. AS A TIER III JUVENILE SEXUAL OFFENDER REGISTRANT WITHOUT FOLLOWING THE REQUIREMENTS PROVIDED BY R.C. 2152.83(B)(2) - (D)."

**{¶ 21}** B.L. argues that the trial court erred by failing to recognize that his

classification as a Tier III juvenile sexual offender was discretionary, under the provisions of R.C. 2152.83(B), rather than mandatory, under R.C. 2152.82. He further contends that the trial court erred by failing to apply the factors set forth in R.C. 2152.83(D).

{¶ 22} "In 2007, the General Assembly enacted Senate Bill 10 ('S.B.10') to implement the federal Adam Walsh Child Protection and Safety Act of 2006. Among other changes, S.B. 10 modified the classification scheme for sex offenders who are subject to the Act's registration and notification requirements, creating a new three-tiered system and longer registration periods. With respect to adult sex offenders, the offender's classification is based solely on the offense of which the offender was convicted." *In re C.A.*, Montgomery App. No. 23022, 2009-Ohio-3303, ¶ 35.

{¶ 23} "S.B. 10 and prior versions of Ohio's Sex Offender Registration and Notification Act do not limit 'sex offenders' to adult offenders. Rather, 'sex offender' includes any person who 'is adjudicated a delinquent child for committing, or has been adjudicated a delinquent child for committing any sexually oriented offense.' R.C. 2950.01(B)(1). 'Sexually oriented offense' includes rape in violation of R.C. 2907.02. R.C. 2950.01(A)(1); R.C. 2152.02(Y)." Id. at ¶ 36.

{¶ 24} "A juvenile court's obligation to classify a juvenile sex offender is governed by portions of both R.C. Chapter 2152 and R.C. Chapter 2950. As with the prior version of the sex offender registration law, under S.B. 10, the juvenile court must engage in a two-step process. First, the juvenile court must determine whether the juvenile is a juvenile offender registrant ('JOR') who is subject to classification and registration. For certain juvenile offenders, this designation is mandatory. See R.C. 2152.82; R.C. 2152.83(A)(1); R.C.

2152.86. If the child falls within R.C. 2152.83(B)(1) – i.e., the offender is 14 or 15 years old, has no prior adjudication for a sexually oriented offense, and is not required to be classified under R.C. 2152.86 – the trial court has discretion to determine whether the juvenile should be a JOR." Id. at ¶37.

{¶ 25} "Second, the juvenile court must determine the tier in which to classify the juvenile. The three tiers – Tier I, Tier II, and Tier III – are defined in R.C. 2950.01. As stated above, with respect to adult sex offenders, the statute places offenders within a specific tier based on the offense of which the person has been convicted. The tiers for juvenile sex offenders are defined differently." Id. at ¶ 38.

{¶ 26} B.L. is a juvenile sex offender, since he committed an act that, if he were an adult, would be considered Rape under R.C. 2907.02(A)(1)(b). He was fifteen years old at the time of the offense. Furthermore, he had no prior adjudication for a sexually oriented offense and does not appear to have been required to register under the terms of R.C. 2152.86.[1] Thus, the trial court was required to utilize the provisions of R.C. 2152.83(B), and had the discretion to either "(a) [d]ecline to issue an order that classifies the child a juvenile offender registrant * * * " or "(b) [i]ssue an order that classifies the child a juvenile offender registrant * * *."

{¶ 27} In this case, the trial court's decision and order clearly states that "the delinquent *is required* to be classified as a Juvenile Sex Offense Registrant pursuant to O.R.C. § 2152.82(A)." (Emphasis added). This is incorrect. We do not infer, as the State urges,

---

[1] It appears from the record that he had been *charged* with prior sexually oriented offenses, but from the record we find no adjudications for prior sexually oriented offenses.

that the trial court's preliminary statement that the matter was heard "to determine whether said delinquent child is required to or should be classified as a Juvenile Sex Offender" is evidence that the trial court was aware of, and utilized, its discretion. It was for the trial court, within its discretion, to decide whether to classify B.L. as a Juvenile Sex Offense Registrant, or not. By stating that B.L. was *required* to be classified, the trial court implied, incorrectly, that it had no discretion in the matter.

{¶ 28} We next turn to the argument that the trial court failed to consider the factors set forth in R.C. 2152.83(D) in reaching its determination. That section provides that "[i]n making a decision under division (B) of this section as to whether a delinquent child should be classified a juvenile offender registrant, a judge shall consider all relevant factors, including, but not limited to, all of the following:

{¶ 29} "(1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;

{¶ 30} "(2) Whether the child has shown any genuine remorse or compunction for the offense;

{¶ 31} "(3) The public interest and safety;

{¶ 32} "(4) The factors set forth in division (K) of section 2950.11 of the Revised Code * * *;

{¶ 33} "(5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;

{¶ 34} "(6) The results of any treatment provided to the child and of any follow-up

professional assessment of the child." R.C. § 2152.83(D).

{¶ 35} B.L. correctly notes that the trial court stated that it considered the factors contained in R.C. 2950.09(B) and (E), and that this statutory provision was repealed in 2007, three years prior to the determination in this case.[2] The State notes that the factors listed in R.C. 2950.09(B) are identical to those set forth in R.C. 2950.11(K), so that the trial court did, in fact, consider the proper matters, despite its citation to the wrong statute. We need not address this portion of the argument, as our conclusion that the trial court erred by concluding that it had no discretion to classify B.L. as a Juvenile Sex Offender Registrant requires us to reverse the classification and remand this cause for reconsideration, whereupon the trial court can apply the correct statutory provisions.

{¶ 36} B.L.'s First Assignment of Error is sustained.

III

{¶ 37} B.L.'s Second Assignment of Error provides as follows:

{¶ 38} "THE TRIAL COURT ERRED WHEN IT DID NOT PROVIDE B.L. WITH THE STATUTORILY REQUIRED NOTICE, EXPLANATION OF HIS DUTIES AND FAILED TO USE THE MANDATED REGISTRATION FORM WHEN IT ORDERED HIM TO REGISTER AS A TIER III OFFENDER SUBJECT TO COMMUNITY NOTIFICATION. R.C. 2152.83(C)(2); R.C. 2950.03(A)(3); R.C. 2950.03(B)(1)(b)(c)."

{¶ 39} B.L. contends that the decision of the trial court should be reversed because the trial court failed to provide him with the proper notice and explanation of his duties to register. In support, B.L. cites R.C. 2950.03(A)(3) which states that "* * * the judge shall provide

---

[2] Prior to the repeal of this provision, a trial court was required to consider the factors set forth in R.C. 2950.09(B).

notice to the delinquent child * * *." The State concedes that the trial court did not "provide [B.L.] with the sex offender notice, or explanation of duties, and did not use the registration form when it ordered him to register." The State argues that this was harmless error, because "it can be assumed that [trial] counsel explained to [B.L.] his duties to register[,]" and because B.L. "currently has [appellate] counsel that is quite capable of explaining to [B.L.] his duties to register."

{¶ 40} This assignment of error is rendered moot by our disposition of B.L.'s First Assignment of Error, in Part II above. If, upon remand, the trial court should classify B.L., it can provide the appropriate notice and explanation at that time.

{¶ 41} The Second Assignment of Error is overruled as moot.

IV

{¶ 42} B.L. asserts the following for his Third Assignment of Error:

{¶ 43} "THE TRIAL COURT ERRED WHEN IT ORDERED B.L. TO BE SUBJECT TO COMMUNITY NOTIFICATION."

{¶ 44} B.L. contends that the trial court erred by ordering him to be subject to community notification, because it did not find that he would have been subject to community notification under prior law.

{¶ 45} Again, we need not address this issue given our disposition of the First Assignment of Error set forth in Part II, above.

{¶ 46} The Third Assignment of Error is overruled as moot.

V

{¶ 47} B.L.'s Fourth Assignment of Error is as follows:

{¶ 48} "THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO B.L. VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."

{¶ 49} B.L. argues that the application of Senate Bill 10 to offenses committed before its enactment violate the Ex Post Facto Clause of Article I, Section 10, of the United States Constitution and the Retroactive Laws Clause of Article II, Section 28 of the Ohio Constitution.

{¶ 50} This court has previously rejected these arguments in prior sexual offender classification cases.  See, *State v. Haines*, Montgomery App. No. 23222, 2010-Ohio-1123, ¶ 18, citing *State v. Desbiens*, Montgomery App. No. 22489, 2008-Ohio-3375, ¶ 26,  wherein we held that " 'S.B. 10 sets forth a civil and non-punitive reclassification and registration scheme,' " that does not violate either the Ex Post Facto Clause of the United States Constitution or the Retroactive Laws Clause of the Ohio Constitution.   Id.

{¶ 51} The Fourth Assignment of Error is overruled.

VI

{¶ 52} B.L.'s First Assignment of Error having been sustained, his Second and Third assignments of error having been overruled as moot, and his Fourth Assignment of Error having been overruled, the Juvenile Sex Offense Registrant classification order from which this appeal is taken is Reversed, and this cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Gary A. Nasal / Robert E. Long, III
Amanda J. Powell
Hon. W. McGregor Dixon, Jr.