[Cite as *In re C.R.*, 2014-Ohio-1936.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : |                          |
|                          | : |                          |
|                          | : |                          |
| IN THE MATTER OF:        | : | CASE NO. 13CA3411        |
|                          | : |                          |
| C.R.,                    | : |                          |
|                          | : |                          |
| Adjudicated Delinquent   | : | DECISION & JUDGMENT ENTRY |
| Child.                   | : |                          |
|                          | : |                          |
|                          | : |                          |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:     Timothy Young, Ohio Public Defender, and Charlyn
                           Bohland, Ohio Assistant Public Defender, 250 East Broad
                           Street, Suite 1400, Columbus, Ohio 43215

COUNSEL FOR APPELLEE:      Matthew S. Schmidt, Ross County Prosecuting Attorney,
                           and Robert C. Hess, Ross County Assistant Prosecuting
                           Attorney, 72 North Paint Street, Chillicothe, Ohio   45601

_____

CIVIL APPEAL FROM COMMON PLEAS, JUVENILE DIVISION
DATE JOURNALIZED:4-30-14
ABELE, J.

{¶ 1}   This is an appeal from a Ross County Common Pleas Court, Juvenile Division,

judgment that classified C.R., appellant herein, a Tier III juvenile offender registrant (JOR).

Appellant raises the following assignments of error for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "THE ROSS COUNTY JUVENILE COURT ABUSED ITS
> DISCRETION WHEN IT CLASSIFIED [C.R.] AS A TIER III
> JUVENILE OFFENDER REGISTRANT WHEN IT MADE
> THAT DETERMINATION BASED SOLELY ON [C.R.]'S
> OFFENSE, IN VIOLATION OF R.C. 2152.82(B)."
>
> SECOND ASSIGNMENT OF ERROR:
>
> "THE ROSS COUNTY JUVENILE COURT ERRED WHEN IT
> CLASSIFIED [C.R.] AS A TIER III JUVENILE OFFENDER

REGISTRANT BECAUSE THE CLASSIFICATION PERIOD
EXTENDS BEYOND THE AGE JURISDICTION OF THE
JUVENILE COURT, IN VIOLATION OF THE EIGHTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTIONS 9 AND 16,
OHIO CONSTITUTION."

THIRD ASSIGNMENT OF ERROR:

"[C.R.] WAS DENIED THE EFFECTIVE ASSISTANCE OF
COUNSEL IN VIOLATION OF THE SIXTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION AND ARTICLE I, SECTION 10, OHIO
CONSTITUTION."

{¶ 2}   On August 28, 2013, the trial court adjudicated appellant a delinquent child for (1) committing rape in violation of R.C. 2907.02, and (2) gross sexual imposition in violation of R.C. 2907.05(A)(1).   On October 18, 2013, the court committed appellant to the Ohio Department of Youth Services' legal custody for (1) a minimum of two years and a maximum period not to exceed his twenty-first birthday on the rape count, and (2) a minimum of six months and a maximum period not to exceed his twenty-first birthday on the gross sexual imposition count.   On that same date, the trial court classified appellant as a Tier III JOR.   The court found:   (1) appellant has been adjudicated delinquent for committing a sexually oriented offense; (2) appellant was seventeen years of age or older when he committed the offense; (3) appellant previously has been adjudicated a delinquent child; and (4) appellant is not a public registry qualified juvenile offender registrant.   The court further found that (1) appellant was adjudicated a delinquent child for committing rape, which is classified as a Tier III offense; (2) appellant was adjudicated a delinquent child for committing gross sexual imposition, which is a Tier I offense; (3) the victims were ages twelve and sixteen at the time of the offenses; (4) appellant is not a sexual predator; and (5) appellant is not subject to community notification

provisions.   The court additionally stated that in classifying appellant as a Tier III JOR, it considered "all factors set forth in * * * [R.C.] 2152.83."   This appeal followed.

I

{¶ 3}   In his first assignment of error, appellant asserts that the trial court abused its discretion by classifying him as a Tier III JOR.   Appellant contends that the court failed to exercise its discretion and, instead, imposed the Tier III classification because the court believed the classification is mandated.   Appellant observes that the court stated that it "considered all the factors set forth in 2152.83 of the Revised Code," but asserts that the record fails to show that the court actually considered any of the individual factors outlined in R.C. 2152.83(D).

{¶ 4}   A juvenile court has discretion to classify a delinquent child as a Tier III sex offender.   In re A.R.R., 194 Ohio App.3d 40, 2011-Ohio-1186, 954 N.E.2d 1213 (4th Dist.), ¶12, overruled on other grounds in In re C.W., --- Ohio App.3d ---, 2013-Ohio-2483, 2013-Ohio-2483, (4th Dist.).   When exercising that discretion, however, the court must consider the six factors listed in R.C. 2152.83(D).   In re T.F., 4th Dist. Highland No. 09CA37, 2010-Ohio-4773, ¶13.   Additionally, a juvenile court ordinarily fails to exercise its discretion when it states that the child "is required to be classified as a Juvenile Sex Offense Registrant." In re B.L., 2nd Dist. Miami No. 10-CA-34, 2011-Ohio-3412, ¶27.

{¶ 5}   R.C. 2152.83(D) states:

(D) In making a decision under division (B) of this section as to whether a delinquent child should be classified a juvenile offender registrant, a judge shall consider all relevant factors, including, but not limited to, all of the following:
(1) The nature of the sexually oriented offense or the child-victim oriented offense committed by the child;
(2) Whether the child has shown any genuine remorse or compunction for the offense;
(3) The public interest and safety;
(4) The factors set forth in division (K) of section 2950.11 of the Revised

Code, provided that references in the factors as set forth in that division to "the offender" shall be construed for purposes of this division to be references to "the delinquent child;"

  (5) The factors set forth in divisions (B) and (C) of section 2929.12 of the Revised Code as those factors apply regarding the delinquent child, the offense, and the victim;

  (6) The results of any treatment provided to the child and of any follow-up professional assessment of the child.

**{¶ 6}** Although the statute requires the court to consider the outlined factors, nothing in the statute requires the court to explicitly announce its findings regarding each individual factor before it classifies a child as a juvenile offender registrant.   In re A.R.R. at fn.2, citing In re B.W.K., 11th Dist. Portage No. 2009–P–0058, 2010-Ohio-3050, ¶22 (stating that "there is nothing in the statute requiring the trial court to explicitly set forth in its judgment entry that it has considered the R.C. 2152.83(D) factors"); accord In re B.D., — Ohio App.3d —, 2012-Ohio-4463, 979 N.E.2d 5, ¶18 (11th Dist.) ("Although the court may not have explicitly set forth each of its findings or considerations made of the R.C. 2152.83(D) factors, it is not required to do so under the statute.").

**{¶ 7}** In the case at bar, the trial court stated that it considered all of the R.C. 2152.83 factors when it determined to classify appellant as a Tier III offender.   See A.R.R., supra at ¶13 (rejecting argument that court failed to consider R.C. 2152.83 when magistrate "explicitly stated that 'all the factors set forth in * * * [R.C.] 2152.83' had been considered").   Simply because the court did not explicitly set forth its findings regarding each individual factor does not mean that the court failed to consider the factors.   Moreover, had appellant desired more specific factual findings and conclusions of law regarding the R.C. 2152.83(D), appellant could have requested them under Civ.R. 52.   See State v. Gibson, 4th Dist. Washington No. 01CA19, 2002-Ohio-5232, ¶27 (stating that if defendant wished to know how court arrived at its sexual

predator classification, defendant should have requested findings of fact and conclusions of law

under Civ.R. 52).

{¶ 8}   Appellant additionally claims that the trial court's reference to the offenses as Tier

III and Tier I offenses indicates that the court believed the classification as a Tier III offender is

mandatory.   The trial court, however, "never stated that these findings were mandatory."   B.D.

at ¶21, citing by way of comparison In re C.A., 2nd Dist. Montgomery No. 23022,

2009-Ohio-3303, ¶41 and ¶77 (determining that the trial court's statement that it was "required to

classify the child as a Tier III sex offender" indicated that the court believed the classification

was mandatory instead of discretionary).   In fact, the court recognized its ability to exercise

discretion when it stated that it considered the R.C. 2152.83 factors.   Had the court believed that

the Tier III classification is mandatory, the court would not have had a reason to consider any

other factors.   "It is consequently reasonable to conclude that these statements were simply

general observations regarding the maximum applicable tier into which [the child] could be

classified for the offenses."   B.D. at ¶21.

{¶ 9}   Thus, in the case sub judice, appellant has not pointed to anything in the record to

show that the trial court failed to exercise discretion when it classified appellant as a Tier III

JOR.   In fact, we believe that the record shows the opposite.   The court's classification entry

specifically states that when the court classified appellant as a Tier III sex offender, it

"considered all the factors set forth in [R.C.] 2152.83."   Simply because the court did not engage

in a factor-by-factor analysis does not mean that the court failed to consider those factors.

Appellant cites no statute or case authority that requires a juvenile court to issue written or oral

findings regarding each R.C. 2152.83(D) finding.   Consequently, we disagree with appellant that

the trial court failed to exercise its discretion.          Accordingly, based upon the foregoing

reasons, we hereby overrule appellant's first assignment of error.

II

{¶ 10} In his second assignment of error, appellant asserts that the trial court erred by imposing a sanction that will extend beyond the age jurisdiction of the juvenile court. We do not agree.

{¶ 11} The Eleventh District Court of Appeals recently considered and rejected this same argument. We agree with the Eleventh District's analysis and incorporate it as follows:

> "[B]oth R.C. 2152.22(A) and R.C. 2152.83(E) specifically exempt sex offender classification proceedings from the general rule that dispositions end when the juvenile turns 21. Dispositional orders of Ohio juvenile courts generally continue 'for a period that is designated by the court in its order, until terminated or modified by the court or until the child attains twenty-one years of age.' R.C. 2152.22(A). However, this general rule yields when another 'provision of law[] specifies a different duration for a dispositional order.' Id. Such provisions of law are implicated in sex offender registration cases. Dispositional orders requiring juvenile sex offenders to register 'shall remain in effect for the period of time specified in section 2950.07 of the Revised Code [subject to certain provisions allowing for modification and termination].' R.C. 2152.83(E). Furthermore, '[t]he child's attainment of eighteen or twenty-one years of age does not affect or terminate the order, and the order remains in effect for the period of time described in this division.' Id. Thus, a juvenile classified as a Tier I sex offender, who is subject to registration for 10 years under R.C. 2950.07(B)(3), must register for 10 years—even if such registration period continues beyond the juvenile's 21st birthday—unless the disposition is modified or terminated.
>
> Second, we note that N.Z.'s reliance on State v. Williams, 129 Ohio St.3d 344, 2011–Ohio–3374, is misplaced. S.B. 10 took effect on January 1, 2008. Among other things, it created a new tier system with additional reporting requirements and provided for automatic classification of offenders based on the offense committed. Williams held that S.B. 10, because it has punitive elements, is unconstitutional when applied retroactively to sex offenders whose crimes were committed before that law took effect. See id. at ¶21. Williams involved an adult defendant and has no relevance with regard to whether a juvenile court may impose a classification that requires a juvenile defendant to continue sex offender registration after the age of 21. Furthermore, N.Z.'s Tier I sex offender

classification is based on an offense that occurred during the summer of 2008. Thus, there is no issue regarding retroactive punishment or ex post facto laws in this case.

Third, N.Z.'s reliance on In re C.P., 131 Ohio St.3d 513, 2012–Ohio–1446, is also misplaced.

In In re C.P., the Ohio Supreme Court held that R.C. 2152.86 was unconstitutional for two reasons. The Court held that classification requiring lifetime registration and disclosure of sex offender status in a public, internet accessible database amounted to cruel and unusual punishment when applied to juveniles. Id. at ¶86. N.Z. is not subject to lifetime registration in a public database. The Court further held that the procedure specified in R.C. 2152.86—i.e., the automatic imposition of sex offender registration requirements without the benefit of a judicial hearing—violated due process. N.Z. was not subject to automatic classification. N.Z. was classified by a judge following a hearing, and he also had the benefit of an appeal that resulted in his reclassification to a lower tier.

On the facts before us, we are guided by the decision in State ex rel. N.A. v. Cross, 125 Ohio St.3d 6, 2010–Ohio–1471. In that case, N.A. was adjudicated delinquent for two counts of rape that occurred when he was 16 years old. Id. at ¶2. The appellate court reversed and remanded for rehearing, as the adjudicatory hearing was not recorded in compliance with Juv.R. 37(A). Id. at ¶3. The juvenile court commenced the adjudicatory rehearing before N.A. reached 21 years of age, but continued it until after his 21st birthday. Id. at ¶4. N.A. sought a writ of prohibition on the basis that the juvenile court had no power to conduct a trial on the issue of his delinquency after he reached the age of 21. Id. at ¶5. The court of appeals dismissed N.A.'s petition, and N.A. appealed to the Supreme Court of Ohio. Id. at ¶5–6.

The Supreme Court affirmed the judgment of the court of appeals. Id. at ¶15. It noted that the juvenile court's jurisdiction was premised on the fact that N.A. had committed the rapes prior to turning 18 years old. Id. at ¶10–11. Significant to this case, the Supreme Court made the following observation, at ¶13:

'Moreover, * * * even though N.A. is now over 21 years old, the delinquency proceeding is still important because if he is adjudicated a delinquent child based on the rape offenses, N.A. would still be subject to the juvenile-offender-registration provisions. See R.C. 2152.82(C) (if an order classifying a child as a juvenile-offender registrant is issued, "the child's attainment of eighteen or twenty-one years of age does not affect or terminate the order"); see also R.C. 2151.23(A)(15) (juvenile court has exclusive original jurisdiction to "conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86 (* * *) of the Revised Code regarding a child who has been adjudicated a delinquent child").'

Admittedly, State ex rel. N.A. was a writ proceeding, not an appeal, and was decided before the Ohio Supreme Court found the provisions of S.B. 10

punitive in <u>Williams</u>, <u>supra</u>, at ¶20.   Nonetheless, <u>N.A.</u> indicates there is no per se prohibition against Ohio juvenile courts imposing a registration requirement that extends beyond a person's attainment of age 21.   <u>State ex rel. N.A.</u>, <u>supra</u>, at ¶12–13.   <u>In re C.P.</u> contains an extensive analysis concerning the manner in which former R.C. 2152.86 violated due process rights—i.e., by undercutting the procedural safeguards otherwise inherent in the juvenile justice system.   <u>In re C.P.</u>, <u>supra</u>, at ¶70–85.

    N.Z. does not point to any procedural safeguards that are undermined by a juvenile's classification as a sex offender, the requirements of which continue after the attainment of age 21.   Indeed, the fact that juvenile courts may review previous sex offender classifications and dispense with them indicates that juvenile sex offenders receive greater due process protection than adult sex offenders.   <u>See</u> R.C. 2152.84(A)(2)(b) and R.C. 2152.85(A)."

<u>In re N.Z.</u>, 11th Dist. Lake No. 2012-L-100, 2014-Ohio-157, ¶¶38-45; <u>accord</u> <u>In re D.R.</u>, 5th Dist. Knox No. 13CA27, 2014-Ohio-588.

**{¶ 12}** Accordingly, based upon the foregoing reasons, we hereby overrule appellant's second assignment of error.

III

**{¶ 13}** In his third assignment of error, appellant asserts that he did not receive effective assistance of counsel.   In particular, appellant contends that trial counsel was ineffective for failing to object when the court imposed the Tier III classification without exercising its discretion and for failing to assert the constitutionality of imposing a sanction that extends beyond the juvenile court's age jurisdiction.

**{¶ 14}** An accused juvenile has a constitutional right to counsel, and the same rights to effective assistance of counsel as an adult criminal defendant.   <u>In re Lower</u>, 4th Dist. Highland No. 06CA31, 2007–Ohio–1735, ¶37, citing <u>In re Gault</u>, 387 U.S. 1, 41, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).   Thus, when we review an ineffective assistance of counsel claim in the

juvenile setting, we apply the same Sixth Amendment effective assistance of counsel principles that apply in criminal proceedings. In re D.G., 4th Dist. Ross Nos. 13CA3382 and 13CA3383, 2014-Ohio-650, ¶38.

{¶ 15} The Sixth Amendment to the United States Constitution and Section 10, Article I, of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶ 16} To prevail on a claim of ineffective assistance of counsel, a juvenile delinquent must show (1) trial counsel's performance was deficient, i.e., it fell below an objective standard of reasonable representation, and (2) the deficient performance prejudiced the defense so as to deprive the juvenile of a fair trial. E.g., State v. Smith, 89 Ohio St.3d 323, 327, 731 N.E.2d 645 (2000), citing Strickland, 466 U.S. at 687; State v. Bradley, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two of the syllabus. To establish prejudice, a juvenile delinquent must show that there is a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different. E.g., State v. White, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998); Bradley, paragraph three of the syllabus. "Failure to establish either element is fatal to the claim." State v. Jones, 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶14. Therefore, if one element is dispositive, a court need not analyze both. State v. Madrigal, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a courts need to consider the other.").

{¶ 17} In the case sub judice, we concluded that appellant's argument that the trial court

failed to exercise its discretion is without merit. We also concluded that appellant's argument that the trial court wrongly imposed a sanction that extends beyond its age jurisdiction is without merit. Thus, counsel's failure to raise these arguments did not affect the outcome of the proceedings. Consequently, trial counsel was not ineffective.

{¶ 18} Accordingly, based upon the foregoing reasons, we hereby overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *In re C.R.*, 2014-Ohio-1936.]

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:

Peter B. Abele
Presiding Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.