[Cite as *In re T.N.*, 2016-Ohio-7258.]

### IN THE COURT OF APPEALS OF OHIO
### THIRD APPELLATE DISTRICT
### MARION COUNTY

IN RE:

    T.N.,

ALLEGED UNRULY/
DELINQUENT CHILD

CASE NO.  9-16-14

O P I N I O N

**Appeal from Marion County Common Pleas Court
Juvenile Division
Trial Court No. 2015 DL 00109**

**Judgment Vacated and Cause Remanded**

**Date of Decision:   October 11, 2016**

APPEARANCES:

    *Todd A. Workman* **for Appellant**

    *Samantha K. McGuire* **for Appellee**

**ROGERS, J.**

{¶1} Defendant-Appellant, T.N., appeals the judgment of disposition entered by the Court of Common Pleas of Marion County, Family Division, classifying him as a Tier III sex offender.  On appeal, T.N. argues that the juvenile court failed to consider any of the statutory factors required to classify him as a sex offender.  For the reasons that follow, we vacate the judgment of the juvenile court and remand it for further proceedings.

{¶2} On May 27, 2014, a complaint was filed in the Court of Common Pleas of Hardin County, Juvenile Division, alleging that T.N. was delinquent of one count of rape in violation of R.C. 2907.02(A)(2), a felony of the first degree if committed by an adult; and one count of rape in violation of R.C. 2907.02(A)(1)(c), a felony of the first degree if committed by an adult.

{¶3} On October 24, 2014, the Hardin County Grand Jury returned a two-count indictment against T.N. alleging that he was delinquent of one count of rape with a specification in violation of R.C. 2907.02(A)(2), 2152.02(F), 2152.11(D)(2)(b), and 2152.13, a felony of the first degree if committed by an adult; and one count of rape with a specification in violation of R.C. 2907.02(A)(1)(c), 2152.02(F), 2152.11(D)(2)(b), and 2152.13, a felony of the first degree if committed by an adult.  T.N. entered denials and pleas of not guilty to both charges.

{¶4} A jury trial ensued and T.N. was found guilty as to count two and not guilty as to count one. A separate hearing was then held to determine if T.N. would be designated a serious youthful offender ("SYO") pursuant to the specification on count two. After taking the matter under advisement, the court ultimately designated T.N. as a SYO. The case was transferred to Marion County for disposition, and the court imposed a blended sentence where T.N. was to be committed to the Department of Youth Services ("the Department") for a minimum of one year and a maximum of up to the day of 21st birthday; and where T.N. was given a four-year prison sentence given his SYO status, which was stayed.

{¶5} T.N. appealed his conviction on September 23, 2015.[1]

{¶6} T.N. was released from the Department on February 14, 2016.

{¶7} A classification hearing was held on February 22, 2016, to determine if T.N. would be classified as a sex offender. First, the State was given an opportunity to argue in favor of classification. The State recommended that T.N. be classified as a Tier III sex offender. In support of its argument, the prosecutor stated that T.N. was convicted of a felony of the first degree and that the trial court had previously designated T.N. as a SYO. The prosecutor questioned whether T.N. received adequate treatment at the Department since T.N. was released so quickly. The prosecutor explained "[T.N.] was only there for a couple of months. My

---

[1] While this appeal was pending, this court affirmed T.N.'s conviction. *In re: T.N.*, 3d Dist. Marion No. 9-15-36, -- Ohio --.

understanding is one of the phases he completed in a couple weeks which usually takes four months to complete. So I'm not sure that I'm confident that he has fully been rehabilitated and that would obviously be a factor in his classification." Feb. 22, 2016 Hrg., p. 2. The State concluded by reminding the court of the victim's impact statement and stated that the victim had ongoing effects from the case.

{¶8} Counsel for T.N. argued that the court should either refuse to classify T.N. at the hearing or choose not to classify T.N. as a sex offender. As to his first argument, counsel argued that there was simply not enough information available to classify T.N. at the time of the hearing. Specifically, counsel mentioned that no one had any conversations with the victim to his knowledge and the Department had failed to provide any reports documenting T.N.'s treatment or progress. As to his second argument, counsel argued that given the facts of the case a Tier III classification was not warranted when the only evidence presented by the State was that T.N. was convicted of rape, a felony of the first degree.

{¶9} Before announcing its decision regarding whether to classify T.N. as a sex offender, the court stated the following:

> Okay. Thank you, [defense counsel.] Well, first of all, I want to remind counsel for the State and counsel for the defense that classification is not punishment. Classification is to provide notification to the community of an individual's prior adjudication, in this case it's a juvenile, as a result of thee [sic] adjudication of [T.N.] as a Juvenile Sex Offender under Ohio Revised Code Section 2907.281. This is a very serious level offense. Now, he was adjudicated a Juvenile Offender *plus serious youthful offender* under

thee [sic] appropriate Revised Code sections that apply. In this case, it - - it's kind of different - - we're required under the Statute 2950 - - 2950.04 or .041 to have a hearing as a result of his release from the Department of Youth Services and that's the purpose of the hearing today.

Unfortunately, the Court does not [sic] the benefit of receiving information from the Department of Youth Services as to thee [sic] extend [sic] and level of treatment that [T.N.] received while he was in their care. I will state for the record that he served a total of four months and 24 days in the Department of Youth Services custody. He entered the Department of Youth Services on September the 21st, 2015, he commenced his treatment, albeit whatever it was, on October the 29th of 2015 and he was released from the Department of Youth Services on February the 14th. The Court did inquire as to thee [sic] nature of the treatment while he was there and received no response from the Department of Youth Services.

(Emphasis added.) *Id.* at p. 5-6.

**{¶10}** After these statements, the court proceeded to classify T.N. as a Tier III sex offender and notified him of his registration requirements.

**{¶11}** The court memorialized its decision in an entry filed on February 25, 2016. In its entry, the court omitted its reasons for classifying T.N. as a Tier III sex offender. Rather, the extent of the entry consisted solely of the court's ultimate decision and registration requirements for T.N.

**{¶12}** T.N. filed this timely appeal, presenting the following assignment of error for our review.

### *Assignment of Error*

**THE TRIAL [SIC] COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN ENTERING AN ORDER**

**CLASSIFYING DEFENDANT/APPELLANT AS A TIER III SEX OFFENDED [SIC] WHEN IT FAILED TO CONSIDER ANY OF THE STATUTORY FACTORS FOUND IN O.R.C. § 2152.83.**

{¶13} In his sole assignment of error, T.N. argues that the juvenile court erred by classifying him as a Tier III sex offender. Specifically, he argues that the court failed to consider the statutory factors in this case. We agree.

{¶14} R.C. 2152.83(B) governs the procedure for classifying 14 and 15-year-old juveniles, who have committed sexually oriented offenses, as sex offenders. Most notably, classification under this subsection is not mandatory. Thus, a judge may only classify a juvenile as a sex offender after conducting a hearing pursuant to R.C. 2152.83(B)(2).

{¶15} In making its decision, the judge must consider all relevant factors. R.C. 2152.83(D). These factors include: (1) the nature of the offense committed by the child; (2) whether the child has shown genuine remorse for his actions; (3) the public interest and safety; (4) the sentencing factors contained in R.C. 2950.11(K); (5) the sentencing factors contained in R.C. 2929.12(B)-(C); and (6) the results of any treatment provided to the child and any professional assessment of the child. R.C. 2152.83(D). If the court decides that classification is warranted, then the judge must have another hearing to determine if the child will be classified as either a Tier I, Tier II, or Tier III sex offender. However, this hearing can be held at the same time as the initial hearing. R.C. 2152.83(C)(1).

{¶16} The decisions to classify a juvenile as a sex offender and what tier to place the juvenile in are within the sole discretion of the juvenile court. *See In re C.R.*, 4th Dist. Ross No. 13CA3411, 2014-Ohio-1936, ¶ 4, citing *In re A.R.R.*, 194 Ohio App.3d 40, 2011-Ohio-1186, ¶ 12 (4th Dist.), *overruled on other grounds* in *In re C.W.*, 4th Dist. Adams No. 11CA918, 2013-Ohio-2483, ¶ 17. A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by the evidence, or grossly unsound. *State v. Boles*, 187 Ohio App.3d 345, 2010-Ohio-278, ¶ 16-18 (2d Dist.). When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. *State v. Slappey*, 3d Dist. Marion No. 9-12-58, 2013-Ohio-1939, ¶ 12. Finally, "a juvenile court ordinarily fails to exercise its discretion when it states that the child 'is required to be classified as a Juvenile Sex Offense Registrant.' " *In re C.R.* at ¶ 4, quoting *In re B.L.*, 2d Dist. Miami No. 10-CA-34, 2011-Ohio-3412, ¶ 27.

{¶17} After reviewing the record, we are unable to determine what factors, if any, the juvenile court considered when it classified T.N. as a Tier III sex offender. Therefore, we find that the juvenile court abused its discretion.

{¶18} At the onset, we acknowledge that "[a]lthough the statute requires the court to consider the outlined factors, nothing in the statute requires the court to explicitly announce its findings regarding each individual factor before it classifies

a child as a juvenile offender registrant." *In re C.R.* at ¶ 6. Thus, the juvenile court in this case was not required to express its findings or reasons for making its decision.

{¶19} However, the court was required to consider the statutory factors. The State argues that the juvenile court stated that it considered the following factors: the nature of the offense; the public interest and safety; the results of any treatment provided to the child. For the sake of discussion, we will discuss these out of order.

{¶20} One of the factors the State argues that the juvenile court considered was the results of T.N.'s treatment from the Department. At the classification hearing, the court stated the following,

> Unfortunately, the Court does not have the benefit of receiving information from the Department of Youth Services as to thee [sic] extend [sic] and level of treatment that [T.N.] received while he was in their care. I will state for the record that he served a total of four months and 24 days in the Department of Youth Services on September 21st, 2015, he commenced his treatment, albeit whatever it was, on October the 29th of 2015 and he was released from the Department of Youth Services on February the 14th. The Court did inquire as to thee [sic] nature of the treatment while he was there and received no response from the Department of Youth Services.

Feb. 22, 2016 Hrg., p. 6. After this statement, the court proceeded to classify T.N. as a Tier III sex offender.

{¶21} The purpose of a juvenile sex offender classification hearing is "to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child

-8-

should be classified a juvenile offender registrant." R.C. 2152.83(B)(2). Thus, it appears that the only way to determine if classification is necessary is to review the child's progress through treatment.

**{¶22}** In this case, the State conceded at the hearing that T.N. received treatment while in the Department's care. The prosecutor stated, "My understanding is one of the phases he completed in a couple weeks which usually takes four months to complete." Feb. 22, 2016 Hrg., p. 2. By the court's own volition, it had inquired as to T.N.'s treatment, but had yet to receive word from the Department regarding the same. Instead of continuing the hearing until it possessed knowledge of T.N.'s treatment, which T.N.'s counsel requested, the court classified this child as the most serious of sex offenders, a Tier III sex offender. To do so without possessing the Department's opinion and records of T.N.'s treatment, instead of that of the State, was an abuse of discretion.

**{¶23}** Next, the State argues that the court's statement that "[t]his is a very serious level offense. Now, he was adjudicated a Juvenile Offender plus serious youthful offender under the appropriate Revised Code sections that apply[,]" shows that the court considered the nature of the offense and the public's interest and safety from T.N. Feb. 22, 2016 Hrg., p. 5. We are not convinced.

**{¶24}** As to the factor regarding the nature of the sexually oriented offense, it is unclear from the record if the court was stating that, generally speaking, the

offense of rape is a serious level offense or if the nature of *this particular* rape was a serious level offense. The specific language chosen by the General Assembly states "[t]he nature of the sexually oriented offense * * * committed by the child[.]" R.C. 2152.83(D)(1). "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation." *State v. Taylor*, 114 Ohio App.3d 416, 422 (2d Dist.1996). "Ambiguity exists if the language is susceptible of more than one reasonable interpretation." *State v. Jordan*, 89 Ohio St.3d 488, 492 (2000). Here, the language is not so plain or unambiguous as one could reasonably read the statute to refer to either the general nature of the offense to which the juvenile was convicted or the specific facts of the underlying offense to which the juvenile was convicted.

{¶25} "If a statute is ambiguous, the court, in determining the intent of the General Assembly, may consider several factors, including the object sought to be obtained, the legislative history, and other laws upon the same or similar subjects." *Id.* Again, the purpose of these hearings is "to review the effectiveness of the disposition made of the child and of any treatment provided for the child placed in a secure setting and to determine whether the child should be classified a juvenile offender registrant." R.C. 2152.83(B)(2). Further, the classification of juveniles as sex offenders is discretionary. R.C. 2152.83(B)(2)(a)-(b). This is different from adult classification, which is mandatory based on the offense of which the person

was convicted. *State v. Blankenship*, 145 Ohio St.3d 221, 2015-Ohio-4624, ¶ 11, citing *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374, ¶ 20.

{¶26} Given that classification is discretionary in these types of cases, it is logical to conclude that this factor requires consideration of the specific facts of the underlying conviction rather than the generic crime. Although we can all agree that rape is serious, some cases will have facts that are more egregious than others. Also, this interpretation would better serve the ultimate goal of the statute as it provides an individual assessment of the child's actions.

{¶27} Because the record lacks any further mention of the nature of the offense by the juvenile court, we cannot determine whether the court considered this factor from the proper perspective.

{¶28} As to the second factor, the only mention of public interest and/or safety occurred during the court's discussion of the purposes of sex offender classification. Thus, we are unable to find that the court considered this factor when it mentioned that rape was a very serious offense.

{¶29} Additionally, the State argues that the juvenile court considered the public interest and safety when the court stated "[c]lassification is not punishment. Classification is to provide notification to the community of an individual's prior adjudication." Feb. 22, 2016 Hrg., p. 5. The problem with this statement, although it does relate to the public's interest, is that it is incorrect. The Supreme Court of

Ohio has finally recognized that sex offender classification is punitive. *Williams*, 2011-Ohio-3374 at ¶ 21. Thus, we are concerned that the juvenile court failed to properly consider this factor as well.

{¶30} Finally, the State argues that the prosecutor spoke about several of the factors during the classification hearing. Although that it is the case, it is unclear from the record whether the juvenile court considered any of these factors. The statute requires the court to consider all relevant factors, not that the State present arguments as to any and all relevant factors. Therefore, we are unpersuaded by the State's argument.

{¶31} Because we cannot determine from the record whether the juvenile court considered the true purpose of the juvenile sex offender statute or properly considered the nature of the offense committed by the child and considering its incorrect statement of the current state of the law, we find that the juvenile court abused its discretion in classifying T.N. as a Tier III sex offender based on the limited evidence presented at the hearing. T.N. is entitled to a new sex offender classification hearing, one where the court is in possession of the Department's report regarding T.N.'s treatment. Only then can the juvenile court properly determine whether T.N. has received adequate treatment or whether classification is necessary.

{¶32} Accordingly, we sustain T.N.'s sole assignment of error.

{¶33} Having found error prejudicial to the appellant, in the particulars assigned and argued, we vacate the judgment of the juvenile court, and remand for proceedings consistent with this opinion.

*Judgment Vacated and*
*Cause Remanded*

**SHAW, P.J., concurs in Judgment Only.**
**PRESTON, J., concurs in Judgment Only.**

**/jlr**